**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LUIS CRUZ | |
| Appellant | No. 3073 EDA 2013 |

Appeal from the PCRA Order October 17, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0607501-1999

BEFORE:  OLSON, J., OTT, J., and STABILE, J.

MEMORANDUM BY OTT, J.:                    **FILED DECEMBER 16, 2014**

Luis Cruz appeals, *pro se*, from the order entered October 17, 2013, dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*.  Cruz seeks relief from the sentence of life imprisonment imposed on April 26, 2000, after a jury found him guilty of first-degree murder and possessing an instrument of crime (PIC).[1]  On appeal, Cruz argues the PCRA court erred in concluding that his petition was untimely filed when he demonstrated an exception to the timeliness requirements, namely that the United States Supreme Court's decisions in **Missouri v. Frye**, 132 S.Ct. 1399 (U.S. 2012), and **Lafler v. Cooper**, 132

--------

[1] 18 Pa.C.S. §§ 2502(a) and 907, respectively.

S.Ct. 1376 (U.S. 2012), recognized a new constitutional right applicable to his case. For the reasons set forth below, we affirm.

On May 28, 1999, Cruz bludgeoned his ex-wife with a hammer. A few hours later, he gave a statement to police admitting his guilt. On April 24, 2000, a jury found him guilty of first-degree murder and PIC, and he was sentenced on April 26, 2000, to a term of life imprisonment.[2] Thereafter, this Court affirmed the judgment of sentence on October 21, 2003.[3] *Commonwealth v. Cruz*, 839 A.2d 1151 (Pa. Super. 2003) (unpublished memorandum).

On July 15, 2004, Cruz filed a timely, *pro se* PCRA petition. Counsel was appointed, and filed an amended petition on February 7, 2005. On November 1, 2007, the PCRA court entered an order denying Cruz relief. This Court affirmed the order on appeal, and the Pennsylvania Supreme Court subsequently denied Cruz's petition for allowance of appeal. *Commonwealth v. Cruz*, 972 A.2d 550 (Pa. Super. 2009) (unpublished memorandum), *appeal denied*, 983 A.2d 726 (Pa. 2009).

---

[2] No penalty was imposed for the PIC conviction.

[3] Although his initial direct appeal was dismissed when counsel failed to file a brief, Cruz was granted a direct appeal *nunc pro tunc* after filing a PCRA petition. Because he was granted *nunc pro tunc* relief, that petition is not considered a first PCRA for timeliness purposes. *See Commonwealth v. Karanicolas*, 836 A.2d 940, 944 (Pa. Super. 2003)

On July 28, 2010, Cruz filed the instant PCRA petition, his second. On June 18, 2012, the PCRA court sent Cruz notice of its intention to dismiss the petition, pursuant to Pa.R.Crim.P. 907, without first conducting an evidentiary hearing because the court found the petition to be untimely filed. However, on December 12, 2012, before the petition was formally dismissed, Cruz filed a *pro se* amendment asserting the after-recognized constitutional right exception to the timeliness requirements of the PCRA. **See** 42 Pa.C.S. § 9545(b)(1)(iii). Cruz subsequently filed an "Affidavit of Declaration," dated September 3, 2013, in which he claimed he first learned of the Supreme Court's decision in **Frye** and **Lafler** in November of 2012. Thereafter, on October 17, 2013, the PCRA court dismissed Cruz's petition as untimely filed. This appeal followed.[4]

When reviewing an order dismissing a PCRA petition, we must determine whether the ruling of the PCRA court is supported by record evidence and is free of legal error. **Commonwealth v. Burkett**, 5 A.3d 1260, 1267 (Pa. Super. 2010). "Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record." **Commonwealth v. Carter**, 21 A.3d 680, 682 (Pa. Super. 2011) (citation omitted).

---

[4] The PCRA court did not direct Cruz to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Here, the PCRA court determined that Cruz's petition was untimely filed. The PCRA mandates that any petition for relief, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. §9545(b)(1).

> The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein.

***Commonwealth v. Jones***, 54 A.3d 14, 16 (Pa. 2012) (internal citations omitted).

Cruz's judgment of sentence became final on November 20, 2003, 30 days after this Court affirmed his sentence on direct appeal, and Cruz failed to file a petition for review in the Pennsylvania Supreme Court. Therefore, Cruz had until November 20, 2004, to file a timely PCRA petition.[5] The present petition, filed on July 28, 2010, more than five years later, is patently untimely.

However, the Act provides three exceptions to the time-for-filing requirements. An otherwise untimely petition is not time-barred if a petitioner can plead and prove that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the

---

[5] We note Cruz did file a timely PCRA petition on July 15, 2004.

- 4 -

claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Further, any petition invoking one of the time-for-filing exceptions, must be filed "within 60 days of the date the claim could have been presented." *Id.* at § 9545(b)(2). With regard to claims based upon recent court decisions, "we have previously said that the sixty-day period begins to run upon the date of the underlying judicial decision." *Commonwealth v. Brandon*, 51 A.3d 231, 235 (Pa. Super. 2012) (citation and internal punctuation omitted).

In the present case, Cruz argues the United States Supreme Court's decisions in *Frye* and *Lafler* created a newly recognized constitutional right, specifically, "a 6th Amendment right to counsel during plea negotiations that did not exist at the time of [his] trial."[6] Cruz's Brief at 12 & 13. Cruz

_____

[6] In *Frye*, the United States Supreme Court considered "whether the constitutional right to counsel extends to the negotiation and consideration of plea offers that lapse or are rejected." *Frye*, *supra*, 132 S.Ct. at 1404. In concluding that it does, the Court held that "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Id.* at 1408. In *Lafler*, decided the same day, the Court considered the parameters of the prejudice prong of an ineffectiveness claim when "counsel's advice with

*(Footnote Continued Next Page)*

asserts that he is a "non-English speaking Hispanic"[7] who was placed on psychiatric medication while housed in the county prison before his trial. *Id.* at 5. He contends trial counsel was ineffective when he met with Cruz to discuss a plea offer, without first obtaining a Spanish interpreter and ensuring that Cruz understood the terms of the offer in his medicated state. *Id.* at 16 & 17. Moreover, although he acknowledges he did not file the petition within 60 days of the date the *Frye* and *Lafler* decisions were filed, he argues he was unable "to learn of the [] decision(s) until they became available in the prison law library." *Id.* at 14 & 15.

_____
*(Footnote Continued)*

respect to the plea offer fell below the standard of adequate assistance of counsel guaranteed by the Sixth Amendment[.]" *Lafler*, *supra*, 132 S. Ct. at 1383. The *Lafler* Court held:

> In these circumstances a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Id.* at 1385.

[7] We note that during Cruz's pretrial suppression hearing, the police detective who took Cruz's statement testified that Cruz spoke English and that he had "no problem" understanding anything [] Cruz told [him]." N.T. 4/18/2000, at 8. No interpreter was provided for Cruz at any of the proceedings, and Cruz testified in his own defense, **without the aid of an interpreter**, at trial. *See* N.T., 4/24/2003, at 14-62. However, in every *pro se* filing on appeal, Cruz has asserted his need for an interpreter.

The PCRA court found, however, that Cruz's claim failed for two reasons. First, pursuant to section 9545(b)(2), Cruz neglected to raise this claim within 60 days of the date the **Frye** and **Lafler** decisions were filed, March 21, 2012. Therefore, his amended petition, filed on December 10, 2012, was untimely. Trial Court Opinion, 2/5/2014, at unnumbered 3-4.

Second, the PCRA court concluded that even if Cruz's petition was timely filed, the decisions in **Frye** and **Lafler** did not provide him relief because the Supreme Court did not create a new constitutional right. Rather, as this Court held in **Commonwealth v. Feliciano**, 69 A.3d 1270 (Pa. Super. 2013):

> [**Frye** and **Lafler**] simply applied the Sixth Amendment right to counsel, and the **Strickland**[8] test for demonstrating counsel's ineffectiveness, to the particular circumstances at hand, *i.e.* where counsel's conduct resulted in a plea offer lapsing or being rejected to the defendant's detriment. Accordingly, Appellant's reliance on **Frye** and **Lafler** in an attempt to satisfy the timeliness exception of section 9545(b)(1)(iii) is unavailing.

*Id.* at 1277.

We agree with the conclusions of the PCRA court. Although Cruz attempts to bypass the 60-day timing requirement by claiming he did not learn of the decisions until they became available in the prison law library, such a contention has been rejected by this Court. **See Brandon**, **supra**, 51 A.3d at 235 (holding "[i]gnorance of the law" does not excuse petitioner's

---

[8] **Strickland v. Washington**, 466 U.S. 668 (1984).

failure to meet 60-day filing requirement). "Neither the court system nor the correctional system is obliged to educate or update prisoners concerning changes in case law." *Id.* (quotation omitted).

Therefore, because we detect no error in the PCRA court's determination that Cruz's PCRA petition was untimely filed, we affirm the order denying relief.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/16/2014