J-S30014-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANDREW FULLMAN | |
| Appellant | No. 2228 EDA 2014 |

Appeal from the PCRA Order July 18, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1124071-1986

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and JENKINS, J.

JUDGMENT ORDER BY GANTMAN, P.J.:                **FILED MAY 22, 2015**

Appellant, Andrew Fullman, appeals from the order entered in the Philadelphia County Court of Common Pleas, which dismissed his serial petition, filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On June 18, 1987, a jury convicted Appellant of aggravated assault, simple assault, and possessing instruments of crime.  The court sentenced Appellant on May 17, 1988, to an aggregate term of five to ten years' imprisonment.  On March 31, 1989, this Court affirmed Appellant's judgment of sentence, and our Supreme Court denied allowance of appeal on December 20, 1989.  *See Commonwealth v. Fullman*, 560 A.2d 825 (Pa.Super. 1989), *appeal denied*, 524 Pa. 625, 574 A.2d 67 (1989).  On November 4, 2011, Appellant filed the current, serial PCRA petition, attempting to invoke the "new facts" exception to the PCRA's time-bar at 42

Pa.C.S.A. § 9545(b)(1)(ii). The court issued Pa.R.Crim.P. 907 notice on July 19, 2012. Appellant filed a *pro se* response on August 6, 2012. On October 15, 2012, the court appointed counsel, who filed an amended PCRA petition on December 5, 2013. On July 18, 2014, the court heard argument on whether Appellant is eligible for relief under the PCRA; Appellant was present at the hearing. At the conclusion of the hearing, the court dismissed Appellant's PCRA petition.[1] Appellant timely filed a notice of appeal on July 28, 2014. On September 8, 2014, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement. Counsel subsequently filed a Pa.R.A.P. 1925(c)(4) statement of intent to file a "no-merit" brief.[2]

A PCRA petitioner must be currently serving a sentence of

---

[1] The court did not re-issue Rule 907 notice because Appellant was present for the hearing, and the court informed Appellant that it would not hold an evidentiary hearing concerning the merits of Appellant's PCRA petition based on Appellant's ineligibility for relief under the PCRA.

[2] Counsel has filed a petition to withdraw and an accompanying brief pursuant to **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). In his brief, counsel detailed the nature of counsel's review and explained why Appellant's issues are entitled to no relief (because Appellant is no longer serving a sentence). Counsel's brief also demonstrates he reviewed the certified record and determined the record was devoid of any issues which would entitle Appellant to relief. Counsel notified Appellant of counsel's request to withdraw and advised Appellant regarding his rights. Thus, counsel substantially complied with the **Turner**/**Finley** requirements. **See generally Commonwealth v. Freeland**, 106 A.3d 768 (Pa.Super. 2014) (stating requirements of **Turner/Finley**); **Commonwealth v. Karanicolas**, 836 A.2d 940 (Pa.Super. 2003) (explaining substantial compliance with requirements will satisfy **Turner**/**Finley**).

imprisonment, probation or parole for the conviction at issue to be eligible for PCRA relief. 42 Pa.C.S.A. § 9543(a)(1)(i). ***See also Commonwealth v. Williams***, 977 A.2d 1174 (Pa.Super. 2009), *appeal denied*, 605 Pa. 700, 990 A.2d 730 (2010) (explaining petitioner must be serving sentence of imprisonment, probation, or parole for crime at issue to be eligible for PCRA relief; as soon as sentence is completed, petitioner becomes ineligible for PCRA relief; PCRA precludes relief for those petitioners whose sentences have expired, regardless of collateral consequences of their sentences). Instantly, Appellant admits he began serving his 5-10 year sentence on July 2, 1990, and is no longer serving a sentence for the offenses at issue. (***See*** Appellant's *Pro Se* PCRA Petition, filed November 4, 2011, at 1; Appellant's Amended PCRA Petition, filed December 5, 2013, at 2 ¶4, ¶7; N.T. Hearing, 7/18/14, at 7, 9.) Therefore, Appellant is ineligible for PCRA relief. ***See*** 42 Pa.C.S.A. § 9543(a)(1)(i); ***Williams, supra***. Thus, the court properly dismissed the petition. Accordingly, we affirm and grant counsel's petition to withdraw.

Order affirmed; petition to withdraw is granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/22/2015

- 3 -