J-S08035-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDREW JEROME WURST | : | |
| | : | |
| Appellant | | No. 998 WDA 2016 |

Appeal from the PCRA Order June 6, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001337-1998

BEFORE: GANTMAN, P.J., FORD ELLIOTT, P.J.E., and SOLANO, J.

MEMORANDUM BY GANTMAN, P.J.: **FILED JANUARY 26, 2017**

Appellant, Andrew Jerome Wurst, appeals *pro se* from the order entered in the Allegheny County Court of Common Pleas, which denied his first petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. On September 9, 1999, Appellant entered an open guilty plea to one count of third-degree murder, two counts of attempted murder, and related offenses arising from his involvement in a shooting death on April 24, 1998. Appellant was 14 years old at the time of the incident. On September 9, 1999, the court sentenced Appellant to an aggregate term of 30-60 years' incarceration. Appellant did not seek direct review. Appellant filed the current PCRA petition on March 16, 2016, and the PCRA court appointed counsel, who, on May 9, 2016, filed a petition to withdraw and a "no-merit" letter pursuant to **Commonwealth v. Turner**,

518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). The PCRA court did not rule on PCRA counsel's petition to withdraw. The PCRA court issued Rule 907 notice on May 10, 2016, and denied Appellant's petition on June 6, 2016. Appellant timely filed a counseled notice of appeal on July 5, 2016, and on July 6, 2016, the PCRA court ordered Appellant to file a Rule 1925(b) statement. On July 27, 2016, in *lieu* of a Rule 1925(b) statement, PCRA counsel filed a Rule 1925(c)(4) statement of intent to file a **Turner/Finley** brief and petition to withdraw. Counsel filed his petition to withdraw as counsel with this Court on November 16, 2016.

Preliminarily, before counsel can be permitted to withdraw from representing a petitioner under the PCRA, counsel must file a "no-merit" brief or letter pursuant to **Turner** and **Finley**. **Commonwealth v. Karanicolas**, 836 A.2d 940 (Pa.Super. 2003).

> [C]ounsel must…submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

**Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa.Super. 2007). Counsel must also send to the petitioner a copy of the "no-merit" letter or brief and motion to withdraw and advise petitioner of his right to proceed *pro se* or with privately retained counsel. **Id.** "Substantial compliance with these requirements will satisfy the criteria." **Karanicolas, supra** at 947.

- 2 -

Instantly, PCRA counsel's motion to withdraw and *Turner*/*Finley* brief detail the nature of counsel's review and explain why Appellant's issue lacks merit. Counsel's brief also demonstrates he reviewed the certified record and determined the record was devoid of meritorious issues for appeal. Counsel notified Appellant of counsel's request to withdraw and advised Appellant regarding his rights. Thus, counsel substantially complied with the *Turner*/*Finley* requirements. **See Wrecks, supra**; **Karanicolas, supra**.

The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Turner**, 73 A.3d 1283 (Pa.Super. 2013), *appeal denied*, 625 Pa. 649, 91 A.3d 162 (2014). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). A petitioner asserting a timeliness exception must file a petition within sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). When asserting the newly created constitutional right exception under Section 9545(b)(1)(iii), "a petitioner must prove that there is a new constitutional right and that the right has been held by that court to apply retroactively." **Commonwealth v. Chambers**, 35 A.3d 34, 41 (Pa.Super. 2011), *appeal denied*, 616 Pa.

625, 46 A.3d 715 (2012) (internal quotations omitted).

Instantly, Appellant relies upon two United States Supreme Court decisions as the bases for an exception to the PCRA timeliness requirement as well as for substantive PCRA relief: *Miller v. Alabama*, ___ U.S. ___, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) (ruling unconstitutional mandatory life without possibility of parole ("LWOP") sentences for juvenile offenders), and *Montgomery v. Louisiana* ___ U.S. ___, 136 S.Ct. 718, 193 L.Ed.2d 599 (filed January 25, 2016, and revised on January 27, 2016) (holding *Miller* applies retroactively to cases on collateral review). Appellant filed the current PCRA petition on March 16, 2016, within sixty days of the *Montgomery* decision. *See Commonwealth v. Secreti*, 134 A.3d 77 (Pa.Super. 2016) (holding date of *Montgomery* decision controls for juveniles, who received LWOP sentences, for purposes of 60-day rule in 42 Pa.C.S.A. § 9545(b)(2)). Appellant also correctly observes that mandatory LWOP sentences for juvenile offenders are unconstitutional under *Montgomery/Miller*. *See id.* (holding retroactivity under *Montgomery* is effective as of date of *Miller* decision; orders denying PCRA relief in cases involving *Montgomery/Miller* must be reversed and remanded for resentencing consistent with this new rule of substantive law and *Commonwealth v. Batts*, 620 Pa. 115, 131-32, 66 A.3d 286, 296 (2013)). Appellant, however, did not receive a LWOP sentence; he received an aggregate sentence of 30-60 years' incarceration. Therefore, Appellant is

not entitled to PCRA relief under **Montgomery/Miller**. Accordingly, we affirm the PCRA court's order denying PCRA relief and grant PCRA counsel's petition to withdraw.

Order affirmed. Counsel's motion to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/26/2017