J-S88030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| OSCAR LUGO | : | |
| | : | |
| Appellant | : | No. 1247 EDA 2016 |

Appeal from the PCRA Order March 24, 2016
In the Court of Common Pleas of Chester County
Criminal Division at No(s):  CP-15-CR-0002037-2004,
CP-15-CR-0003873-2004

BEFORE:  OLSON, J., RANSOM, J., and STRASSBURGER, J.*

MEMORANDUM BY RANSOM, J.:          **FILED FEBRUARY 01, 2017**

Oscar Lugo ("Appellant") appeals from the order entered March 24, 2016, granting his petition in part pursuant to ***Commonwealth v. Ruiz***, 131 A.3d 54 (Pa. Super. 2015), vacating his sentence, and denying his request for a new trial pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The relevant facts and procedural history are as follows.  Following a jury trial, Appellant was found guilty of criminal conspiracy, corrupt organizations, and dealing in proceeds of unlawful activities, as well as thirty counts of possession of a controlled substance with intent to deliver (PWID), and sixty-three counts of delivery of a controlled substance.[1]  Appellant was

---

[1] Respectively, 18 Pa.C.S.A. §§ 903, 911, 5111, 35 P.S. § 780-113(a)(30).

* Retired Senior Judge assigned to the Superior Court.

sentenced to one hundred fifty-two (152) to four hundred forty (440) years of incarceration on August 30, 2007.

Appellant did not file post-sentence motions. Substitute appellate counsel was appointed, and Appellant timely appealed. This Court affirmed Appellant's judgment of sentence on March 16, 2009. **See Commonwealth v. Lugo**, 972 A.2d 556 (Pa. Super. 2009) (unpublished memorandum), *appeal denied*, 986 A.2d 149 (Pa. 2009).

On March 16, 2011, Appellant timely filed a counseled PCRA petition, seeking to reinstate his right to file a post-sentence motion *nunc pro tunc*. Following an evidentiary hearing, the PCRA court granted relief. **See** PCRA Ct. Order, 7/2/2012. Thereafter, Appellant filed a post-sentence motion, arguing that the imposition of consecutive sentences for his convictions was excessive. **See** Post-Sentence Motion *Nunc Pro Tunc*, 7/12/2012. The court denied the motion. **See** Sentencing Ct. Order, 10/17/2012.

Appellant timely appealed. **See Commonwealth v. Lugo**, 83 A.3d 1062 (Pa. Super. 2013) (unpublished memorandum), *appeal denied*, 83 A.3d 414 (Pa. 2014). This Court affirmed on August 9, 2013, "in light of the ample amount of criminal conduct at issue." **Id.** at **7-8 (noting that the jury found Appellant guilty of ninety-six (96) separate criminal counts and that the trial court did not impose consecutive sentences on every count).

Appellant timely filed a petition for collateral relief on March 30, 2015, PCRA Petition, 3/30/2015,[2] asserting eligibility for relief based on after-discovered evidence. **See** 42 Pa.C.S. § 9543(a)(2)(vi). In February 2015, Appellant's brother Luis Colon ("Mr. Colon") signed an affidavit admitting to perjuring his testimony at Appellant's trial. **See** PCRA Petition, 3/30/2015, Exhibit A, Notarized Affidavit of Luis Colon, 2/6/2015, at 2 ("Affidavit"). Thus, Appellant alleges that his conviction was obtained through perjured testimony of Mr. Colon, a major witness in Appellant's prosecution.

The Commonwealth filed a detailed answer in response to Appellant's PCRA petition. **See** Commonwealth's Answer to PCRA Petition, 4/27/2011. Based on these submissions, Judge MacElree issued a Pa.R.Crim.P. 907 notice of intent to dismiss without holding an evidentiary hearing ("907 Notice"). PCRA Ct. Order, 12/11/2015. Appellant filed a response opposing dismissal on December 30, 2015. Thereafter, Judge MacElree scheduled a PCRA hearing. **See** Order, 1/21/2016; **see also** Revised Order, 1/26/2016.

_____

[2] "This Court has explained that when a PCRA petitioner's direct appeal rights are reinstated _nunc pro tunc_ in his first PCRA petition, a subsequent PCRA petition will be considered a first PCRA petition for timeliness purposes." **Commonwealth v. Callahan**, 101 A.3d 118, 122 (Pa. Super. 2014) (quoting **Commonwealth v. Turner**, 73 A.3d 1283, 1286 (Pa. Super. 2013), _appeal denied_, 91 A.3d 162 (Pa. 2014) (citation omitted)). The one-year filing deadline "does not begin to run until after the expiration of time to seek further review." **Commonwealth v. Karanicolas**, 836 A.2d 940, 945 (Pa. Super. 2003); 42 Pa.C.S. 9545(b); U.S.Sup.Ct.R. 13 (providing an appellant with ninety days to seek review before the United States Supreme Court). Appellant's judgment of sentence became final on April 21, 2014. Accordingly, Appellant had until April 21, 2015, to file a timely petition.

Before the evidentiary hearing, Appellant moved for the PCRA court judge's recusal. Judge MacElree, who also presided over Appellant's trial, denied the motion for recusal. *See* Order, 3/17/2016.

Following the hearing, the PCRA court granted Appellant relief in part as to his sentencing claim. *See* Order, 3/24/2016, at n.1. The court vacated Appellant's sentence and his resentencing hearing was continued pending the outcome of this appeal.[3] *See* Order, 4/28/2016. With regard to Appellant's after-discovered evidence claim, the PCRA court found the recantation testimony of Mr. Colon not credible and denied relief. *See* Order, 3/24/2016, at n.1.

Appellant timely appealed and filed a court-ordered 1925(b) statement. Specifically, Appellant raises the following three issues.

_____

[3] The PCRA court's decision to resentence Appellant pending the outcome of this Appeal was proper pursuant to *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151, 2158 (2013) (noting that "[f]acts that increase the mandatory minimum sentence … must be submitted to the jury and found beyond a reasonable doubt") and *Apprendi v. New Jersey*, 530 U.S. 466, 491-492 (2000) (holding the judicial practice of utilizing statutory enhancement factors to impose a punishment for a crime more severe than that which was submitted to the jury unconstitutional). In *Commonwealth v. Ruiz*, 131 A.3d 54, 58-59 (Pa. Super. 2015), this court held that *Alleyne* may be applied retroactively to a timely PCRA petition in cases that were pending on direct appeal as of June 17, 2013.

Here, Appellant qualifies for the narrow grounds for resentencing because his appeal challenging discretionary aspects of his sentence was decided in August 2013 after *Alleyne*. *See also Commonwealth v. Newman*, 99 A.3d 86, 90 (Pa. Super. 2014) (noting that even where challenge to sentence was based on a different theory, appellant may still be entitled to the retroactive application of *Alleyne*).

- 4 -

I.    Whether the PCRA [c]ourt abused its discretion when it declined to grant the motion for recusal given that a reasonable person faced with the facts would conclude that the[re] was at least the appearance of bias on the part of the judge?

II.   Whether the PCRA [c]ourt abused its discretion when it decided not to grant a new trial after the primary prosecution witness testified that he committed perjury at the trial and that the perjury was motivated by threats from the police?

III.  Whether the PCRA [c]ourt erred when he failed to find ineffective assistance of counsel ("IAC") for failing to file a bill of particulars demanding that the prosecution identify the dates and locations of each cocaine delivery in order to ensure the [Appellant] was not sentenced more than once for the same crime [hereinafter called 'multiplicity'].

Appellant's Br. at 2.

First, Appellant contends that the PCRA court abused its discretion in denying his motion for recusal. *See* Appellant's Br. at 15-18. According to Appellant, the court's 907 Notice expressed a "fixed opinion" regarding Colon's credibility. *Id.* at 18. Appellant maintains that "a reasonable person faced with the facts would conclude that the judge had prejudged matters of credibility and that recusal was required." *Id.* at 17. Appellant alleges that Judge MacElree's subsequent decision to ignore Colon's "uncontradicted testimony" confirmed the bias suggested by the 907 Notice. *Id.* at 18.

Our standard of review is as follows:

This Court presumes judges of this Commonwealth are honorable, fair and competent, and, when confronted with a recusal demand, have the ability to determine whether they can rule impartially and without prejudice. ***Commonwealth v. White***, 734 A.2d 374, 384 (Pa. 1999). The party who asserts a trial judge must be disqualified bears the burden of producing evidence establishing bias, prejudice, or unfairness necessitating

- 5 -

recusal, and the decision by a judge against whom a plea of prejudice is made will not be disturbed except for an abuse of discretion.

*Commonwealth v. Whitmore*, 912 A.2d 827, 834 (Pa. 2006) (citation omitted). "The mere fact that the trial judge participated in earlier pretrial stages in the proceedings is not alone sufficient grounds for recusal." *Commonwealth v. Miller*, 664 A.2d 1310, 1321 (Pa. 1995). To the contrary, "in general, it is preferable for the judge who presided at trial to preside over any post-conviction proceedings because his or her familiarity with the case will likely assist the proper administration of justice." *Commonwealth v. Hutchinson*, 25 A.3d 277, 319 (Pa. 2011); *Commonwealth v. Abu-Jamal*, 720 A.2d 79, 90 (Pa. 1998); *see also* Pa.R.Crim.P. 903(A), (C). In support of a motion for recusal, the moving party must produce evidence that raises a "substantial doubt as to the jurist's ability to preside impartially." *Abu-Jamal*, 720 A.2d at 89.

Here, Appellant contends that the PCRA court's 907 Notice indicated the PCRA judge's bias. However, recantation evidence "'is notoriously unreliable.'" *Commonwealth v. D'Amato*, 856 A.2d 806, 825 (Pa. 2004) (quoting *Commonwealth v. Dennis*, 715 A.2d 404, 416 (Pa. 1998); *accord Commonwealth v. McCracken*, 659 A.2d 541, 545 (Pa. 1995) (citation omitted)). For this reason, Pennsylvania courts "do not preclude the possibility that a credibility-based dismissal of a petitioner's claims involving recantation might be appropriate under some set of circumstances

without the necessity of an evidentiary hearing." *Commonwealth v. Williams*, 732 A.2d 1167, 1181 (Pa. 1999).

In this instance, the PCRA court found Appellant's response to the 907 Notice persuasive, and granted him an evidentiary hearing. The court's subsequent, adverse ruling alone does not establish the requisite bias warranting recusal, especially where that ruling was legally proper. *Abu-Jamal*, 720 A.2d at 90. For these reasons, Appellant has failed to raise substantial doubt concerning Judge McElree's ability to rule impartially.[4] Accordingly, we do not discern an abuse of Judge McElree's discretion in denying recusal. *See Whitmore,* 912 A.2d at 834.

In his second issue, Appellant avers that the PCRA court erred in denying him a new trial based on after-discovered evidence. *See* Appellant's Br. at 19-22; 42 Pa.C.S. § 9543(a)(2)(vi). We review an order denying a petition under the PCRA to determine "whether the PCRA court's findings are supported by the record and without legal error." *Commonwealth v. Edmiston*, 65 A.3d 339, 345 (Pa. 2013) (citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." *Commonwealth v. Koehler*, 36

_____

[4] We are also assured by the PCRA court that it conducted the "mandatory independent self-analysis" in determining that it could hear this matter "fairly and impartially." PCRA Ct. Op., 7/5/2015, at 5.

A.3d 121, 131 (Pa. 2012). This Court is also bound by the PCRA court's credibility determinations where supported by the record. ***Commonwealth v. Johnson***, 966 A.2d 523, 532 (Pa. 2009) (citations omitted). Notwithstanding, we review the PCRA court's legal conclusions *de novo*. ***See Commonwealth v. Medina***, 92 A.3d 1210, 1215 (Pa. Super. 2014), *appeal granted*, 105 A.3d 658 (Pa. 2014), *appeal dismissed as improvidently granted*, 140 A.3d 675 (Pa. 2016).

Our Supreme Court has explained a petitioner's burden to receive a new trial based on after-discovered evidence as follows.

> [The PCRA petitioner must show that the evidence] (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

***Medina***, 92 A.3d at 1218 (quoting ***Commonwealth v. Pagan***, 950 A.2d 270, 292 (Pa. 2008), *cert. denied*, ***Pagan v. Pennsylvania***, 555 U.S. 1198 (2009)). The test for after-discovered evidence is conjunctive, and this Court may affirm the PCRA Court if Appellant fails any one of the four prongs. ***See Pagan***, 950 A.2d at 292.

However, "[o]ur consideration of the after-discovered evidence offered by Appellant is tempered by the fact that recantation is one of the least reliable forms of proof, particularly when it constitutes an admission of perjury." ***McCracken***, 659 A.2d at 545 (citation omitted). "'[A]n appellate court may not interfere with the denial or granting of a new trial where the

sole ground is the alleged recantation of state witnesses unless there has been a clear abuse of discretion.'" *Id.* (quoting *Commonwealth v. Coleman*, 264 A.2d 649, 651 (Pa. 1970)) (citations omitted). According to our Supreme Court:

> [T]he PCRA court, as fact-finder, 'is in a superior position to make the initial assessment of the importance of [the recantation] testimony to the outcome of the case," and directed the PCRA court to 'render its own, independent findings of fact and conclusions of law concerning [the recanting person's] credibility and the impact, if any, upon the truth-determining process which can be discerned from such testimony.' [*Williams*, 732 A.2d] at 1181. Thus, the after-discovered evidence cases tie the court's credibility determination to the governing prejudice standard.

*Johnson*, 966 A.2d at 542. Thus, the PCRA court must assess the credibility of recantation testimony before determining whether the recantation would likely compel a different verdict under the after-discovered evidence test. *Id.* at 541 (citing *D'Amato*, 856 A.2d at 825; *Commonwealth v. Dennis*, 715 A.2d 404, 416 (Pa. 1998); *Williams*, 732 A.2d at 1180-81) (internal citations and quotation marks omitted).

In this case, Appellant contends that a new trial is required because new evidence indicates that a prosecution witness testified falsely against him. Appellant's Br. at 20. Appellant's PCRA petition argued that it would be "unreasonable to conclude that [he] could control if … and when Mr. Colon would come forward and tell the truth." PCRA Petition at 17. Mr. Colon visited Appellant, his brother, in prison in February 2015 and revealed for the first time that police officers and the Assistant District Attorney

threatened to prosecute Mr. Colon as the ringleader in the conspiracy unless Mr. Colon testified against Appellant. On February 6, 2015, Mr. Colon signed an affidavit admitting to "testifying falsely" due to the influence of ADA Pavloff, Officer Kelly Cruz and Trooper Alan S. Lohman. **See**, Affidavit, **supra**. Mr. Colon averred that the officials met with him, gave him food, and coached him to give false testimony in exchange for a more lenient sentence. **See id.** at 1. Thus, Appellant maintains that Mr. Colon "had a very powerful interest in currying favor with the prosecution" by perjuring his testimony at Appellant's trial. **See** Appellant's Br. at 21.[5]

Appellant's arguments are not persuasive. To accept Mr. Colon's current version of the facts would require the PCRA court to accept that he lied several times under oath before.[6] **See** PCRA Ct. Op., 7/21/2016, at 5-9.

---

[5] Mr. Colon pleaded guilty to conspiring with other members of the "340 gang" to various crimes, including committing, attempting, or planning to deliver of cocaine and received a sentence of eleven and a half to twenty-three months with credit for 700 days, which resulted in immediate parole. **See** Appendix D, Guilty Plea Colloquy of Luis Colon, Commonwealth's Response to March 30, 2015 PCRA Petition, 5/27/2015. "A special condition of his probation and parole was Mr. Colon's continued cooperation, including truthful testimony, in Appellant's case." PCRA Ct. Op., 5/18/2016, at 8; **see Commonwealth v. Colon**, CP-15-CR-0002627-2004, CP-15-CR-0004043-2004, N.T., 8/27/07, at 6-8.

[6] Colon testified at Appellant's trial on August 1, 2007. **See** N.T., 8/1/2007, 78-174. Appellant's trial counsel cross-examined Colon regarding his interactions with Trooper Kelly Cruz and Trooper Alan Lohman. **See id.** at 143-148. Moreover, Colon's testimony did not suggest that the officers improperly influenced his testimony; to the contrary, Colon said "I am telling the truth." **See id.** at 150-52. The Commonwealth provided various forms of Mr. Colon's past statements that were consistent with his trial testimony.
*(Footnote Continued Next Page)*

However, Appellant offers no independent evidence to support Mr. Colon's current, contradictory and inconsistent version of the facts. *See* PCRA Ct. Op. at 8 (observing that Mr. Colon's affidavit conceded his involvement in drug activity but expressly denied any involvement at the PCRA hearing).

Finally, as noted by the Commonwealth, "[t]here is no objective factor that would support giving any weight to [sic] Luis Colon's current recantation." Commonwealth's Br. at 39. Mr. Colon did not come forward until after the statute of limitations to prosecute him for perjury had tolled and his promise to testify truthfully provided in his probation agreement had expired. *See id.* at 40-41 (citing in support 18 Pa.C.S. § 4902).

For these reasons, we conclude that the PCRA court's credibility determination on the recantation testimony has ample support in the record, and we discern no abuse of the PCRA court's discretion. ***See Loner***, 836

---
*(Footnote Continued)*

***See*** Exhibits C, D, and E, to the Commonwealth's Response to Appellant's March 30, 2015 PCRA Petition, 5/27/2015. Colon testified similarly at his own guilty plea on December 19, 2005. ***Commonwealth v. Colon***, CP-15-0002628-2004, CP-15-0004043-2004, N.T. 12/19/2005, at 3-6. Colon signed a guilty plea indicating that his plea was voluntary, free from any threats or promises inducing him to so plead. Guilty Plea Colloquy of Luis Colon, at 6, ¶¶ 17-18. Defense counsel for Appellant cross-examined Colon and questioned him about his interactions with Trooper Kelly Cruz and Trooper Alan Lohman. ***See*** N.T., 8/1/2007, 143-148. Colon resisted cross-examination designed to suggest an ulterior motive for his testimony and insistent that he was "telling the truth." ***See id.*** at 150-52. At Mr. Colon's sentencing, the court noted expressly that his testimony had been "quite credible." PCRA Ct. Op. at 8 (quoting Notes of Testimony, Sentencing of Luis Colon, 8/27/07, at 3).

A.2d at 135; *McCracken*, 659 A.2d at 545.  Accordingly, Appellant is not entitled to a new trial.

Third, Appellant claims that he had ineffective assistance of trial counsel.  *See* Appellant's Br. at 22-25.  On appeal, he argues that "trial counsel's performance was deficient for failing to file a motion to quash the indictment or a motion for bill of particulars insisting that the prosecution identify the date, drug quantity and drug identity of each count set forth in the information involving PWID or distribution."  *Id.* at 24.  According to Appellant, the lack of specificity in dates and locations for the charges against him yielded multiple sentences for the same crime in violation of the Double Jeopardy Clause.  *See id.* at 25.

This claim is waived, as Appellant failed to raise it before the PCRA court.  *See* Pa.R.A.P. 302.  In his petition, Appellant claimed ineffective assistance of counsel on a different ground, suggesting that counsel's failure resulted in an illegal sentence as recognized in *Alleyne v. United States*, 133 S.CT. 2151 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  *See* PCRA Petition at 8-12.  Notably, upon review, the PCRA court granted Appellant relief on this claim, vacating his judgment of sentence and scheduling a new sentencing hearing.  *See* PCRA Ct. Op., 7/21/2016.  No further relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/1/2017