J. S58008/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
DANIEL PINKNEY, : No. 341 MDA 2017
:
Appellant :


Appeal from the PCRA Order, January 27, 2017,
in the Court of Common Pleas of Luzerne County
Criminal Division at No. CP-40-CR-0001352-2009

BEFORE: GANTMAN, P.J., SHOGAN, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED SEPTEMBER 21, 2017**

Daniel Pinkney appeals from the January 27, 2017 order denying his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely. Contemporaneously with this appeal, PCRA counsel has requested leave to withdraw in accordance with **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (**en banc**). After careful review, we grant PCRA counsel leave to withdraw and affirm the order of the PCRA court.[1]

The underlying facts and procedural history of this case were summarized in the PCRA court's May 26, 2017 opinion and need not be

---

[1] The Commonwealth has indicated that it will not be filing a brief in this matter and is relying on the reasoning set forth in the PCRA court's May 26, 2017 opinion.

reiterated here. (**See** PCRA court opinion, 5/26/17 at 1-3.) In sum, appellant filed the instant PCRA petition, his second, on August 12, 2016. On September 8, 2016, the PCRA issued an order scheduling a PCRA hearing and appointed counsel to represent appellant. Following a hearing on December 28, 2016, the PCRA court dismissed appellant's petition as untimely on January 27, 2017.[2] This timely appeal followed on January 30, 2017. On February 15, 2017, the PCRA court appointed instant PCRA counsel, who subsequently filed a "no-merit" letter and a petition to withdraw, in accordance with **Turner**/**Finley**, on July 19, 2017.

Appellant argues that the PCRA court erred in denying his petition as untimely because his mandatory minimum sentence of 195 to 390 months' imprisonment violated **Alleyne v. United States**, ___ U.S. ___, 133 S.Ct. 2151 (2013), and this court's subsequent decision in **Commonwealth v. Wolfe**, 106 A.3d 800 (Pa.Super. 2014), **affirmed**, 140 A.3d 651 (Pa. 2016). (**Turner**/**Finley** brief at 6-7.) Appellant further posits that **Alleyne** and its

---

[2] It is undisputed that appellant's instant PCRA petition, which was filed nearly four years after our supreme court denied his petition for allowance of appeal, is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(3) (providing "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[]"); **Commonwealth v. Pinkney**, 22 A.3d 1063 (Pa.Super. 2010), **appeal denied**, 27 A.3d 1015 (Pa. 2011). As a result, the PCRA court lacked jurisdiction to review appellant's petition, unless appellant alleged and proved one of the statutory exceptions to the time-bar, as set forth in Section 9545(b)(1).

progeny qualify as a newly discovered fact exception under Section 9545(b)(1)(ii) that applies retroactively. (*Id.* at 5, 8.)

In *Alleyne*, the United States Supreme Court held that the Sixth Amendment requires that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, 133 S.Ct. at 2155 (citation omitted). Thereafter, in *Wolfe*, a panel of this court held that the version of mandatory minimum sentencing provisions set forth in 42 Pa.C.S.A. § 9718 that were in effect from January 1, 2007 until August 17, 2014, were unconstitutional in their entirety in light of *Alleyne* and subsequent decisions by this court. *Wolfe*, 106 A.3d at 806 (citations omitted).

Instantly, appellant was sentenced on December 3, 2009, and *Alleyne*, in turn, was decided on June 17, 2013. Contrary to appellant's contention, our supreme court has expressly rejected the notion that *Alleyne* applies retroactively to collateral attacks on mandatory minimum sentences advanced in PCRA proceedings. *Commonwealth v. Washington*, 142 A.3d 810, 814-815 (Pa. 2016); *see also Commonwealth v. Riggle*, 119 A.3d 1058, 1064 (Pa.Super. 2015) (holding that *Alleyne* did not apply retroactively in a PCRA setting, where Riggle's judgment of sentence became final 15 months **before** the Supreme Court decided *Alleyne* in June of 2013). Furthermore, it is well settled that *Alleyne* does not invalidate a mandatory minimum sentence when

presented in an untimely PCRA petition. ***Commonwealth v. Miller***, 102 A.3d 988, 994-995 (Pa.Super. 2014). Accordingly, we agree with the PCRA court that ***Alleyne*** and its progeny do not apply retroactively to the instant matter, which was already at the PCRA review stage at the time ***Alleyne*** was decided.[3]

Based on the foregoing, we discern no error on the part of the PCRA court in dismissing appellant's petition, and grant counsel's petition to withdraw.

Order affirmed. Petition for leave to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/21/2017

---

[3] In reaching this decision, we further note that PCRA counsel's "no-merit" letter and petition to withdraw from representation comply with the requirements of ***Turner***/***Finley***. ***See Commonwealth v. Karanicolas***, 836 A.2d 940, 947 (Pa.Super. 2003) (stating that substantial compliance with requirements will satisfy the ***Turner***/***Finley*** criteria).