J-S11019-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONTE JONES | : | |
| | : | |
| Appellant | : | No. 4021 EDA 2017 |

Appeal from the PCRA Order October 31, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0015919-2010

BEFORE: SHOGAN, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MURRAY, J.: **FILED MARCH 21, 2019**

Donte Jones (Appellant) appeals *pro se* from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On February 17, 2012, a jury found Appellant guilty of first-degree murder, attempted murder, aggravated assault, criminal conspiracy, carrying a firearm without a license, and possession of an instrument of crime. These convictions arose from the murder of Tawayne Foster and the attempted murders of James Marshburn and William Brown. On March 1, 2012, the trial court sentenced Appellant to life imprisonment.

On December 4, 2013, this Court affirmed Appellant's judgment of sentence. **Commonwealth v. Jones**, 1940 EDA 2012 (Pa. Super. Dec. 4. 2013) (unpublished memorandum). On June 11, 2014, our Supreme Court denied Appellant's petition for allowance of appeal.

On May 22, 2015, Appellant filed a *pro se* PCRA petition and the PCRA court subsequently appointed counsel. On August 10, 2017, PCRA Counsel filed a petition to withdraw as counsel and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On September 27, 2017, the PCRA court issued notice pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure of its intent to dismiss Appellant's PCRA petition without a hearing. On October 31, 2017, the PCRA court formally dismissed Appellant's PCRA petition.

On November 28, 2017, Appellant filed a timely *pro se* notice of appeal. On January 30, 2018, this Court remanded the case to the PCRA court to dispose of PCRA Counsel's still-pending petition to withdraw as counsel. On February 1, 2018, the PCRA Court granted counsel's petition to withdraw.

On appeal, Appellant presents the following issues for review:

1. Did the PCRA court err and abuse its d[i]secretion by granting PCRA Counsel's no-merit letter?

2. Did the PCRA court err and fail to follow proper procedure in dismissing [Appellant's] PCRA petition in violation of [**Turner/Finley**]?

3. Did the PCRA court err and fail to follow proper procedure in dismissing [Appellant's] PCRA petition without first notifying PCRA Counsel and [Appellant] of defects [in] the initial PCRA petition in violation of Pa.R.Crim.P. 905(B)?

4. Was PCRA Counsel rendered ineffective by failing to ensure that [Appellant] was properly made aware of and understood his rights and option including the option of filing an amended PCRA petition?

Appellant's Brief at 4 (unnumbered).

We review the denial of PCRA relief by "examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Busanet*, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." *Id.*

We address each of Appellant's issues together, as they are related. Appellant challenges the trial court's decision to grant PCRA Counsel's petition to withdraw under *Turner/Finley* because PCRA Counsel failed to comply with the technical mandates of *Turner/Finley*. He further asserts that PCRA Counsel was ineffective for failing to advise Appellant of his rights under *Turner/Finley*.

Pursuant to *Turner/Finley*, an "[i]ndependent review of the record by competent counsel is required before withdrawal [on collateral review] is permitted." *Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009). In *Pitts*, our Supreme Court explained that such independent review requires proof of:

1. A "no merit" letter by PC[R]A counsel detailing the nature and extent of his review;

2. The "no merit" letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;

3. The PC[R]A counsel's "explanation", in the "no merit" letter, of why the petitioner's issues were meritless;

4. The PC[R]A court conducting its own independent review of the record; and

5. The PC[R]A court agreeing with counsel that the petition was meritless.

*Id.* (citation and brackets omitted).

Additionally,

Counsel must also send to the petitioner:  (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed pro se or by new counsel.

If counsel fails to satisfy the foregoing technical prerequisites of *Turner*/*Finley*, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw.  Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper *Turner*/*Finley* request or an advocate's brief.

However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of *Turner*/*Finley*, the [court] must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) (internal citations omitted).

Here, PCRA counsel filed a "no-merit" letter that detailed the nature and extent of his diligent review of the case, listed the issue for which Appellant sought review, explained why and how that issue lacks merit, and requested permission to withdraw.  *See Turner*/*Finley* Letter, 8/10/17; Motion to Withdraw as Counsel, 8/10/17.  PCRA Counsel also sent Appellant a copy of

the "no-merit" letter, a copy of his petition to withdraw, and a statement advising Appellant of the right to proceed *pro se* or by privately retained counsel.[1] Thus, the record reflects that PCRA Counsel submitted a petition to withdraw and "no-merit" letter that satisfy the technical demands of *Turner*/*Finley*.

Ordinarily, at this point, we would review the merits of the claims Appellant raised on collateral review. Appellant's brief on appeal, however, contains no discussion of the claims raised in his PCRA petition or his response to the PCRA court's Rule 907 notice. Instead, the arguments Appellant presents in his brief relate solely to the technical mandates of *Turner/Finley*. Because we have already concluded that PCRA Counsel has complied with *Tuner/Finley*, we discern no basis for relief.

With respect to Appellant's claim that PCRA Counsel was ineffective for failing to advise him of his rights under *Turner/Finley*,[2] we begin with the

_____

[1] Appellant faults PCRA Counsel for addressing Appellant's copies of the petition to withdraw, no-merit letter, and letter advising him of his rights with the wrong inmate number, which resulted in an apparent delay in Appellant receiving the documents. There is no dispute, however, that Appellant received the petition to withdraw, no-merit letter, letter advising him of his rights and he admits as much in his appellate brief. Thus, we decline to remand this matter to the PCRA court. *See Commonwealth v. Karanicolas*, 836 A.2d 940, 947 (Pa. Super. 2003) (holding that substantial compliance with the procedural requirements to withdraw as counsel will satisfy the *Turner/Finley* criteria).

[2] Appellant preserved this claim by raising it in his response to the PCRA court's Rule 907 notice. In *Commonwealth v. Rykard*, 55 A.3d 1177 (Pa.

presumption that counsel rendered effective assistance. *Commonwealth v. Bomar*, 104 A.3d 1179, 1188 (Pa. 2014). To overcome that presumption, the petitioner must establish: "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different." *Id.* (citation omitted). To demonstrate prejudice in an ineffective assistance of counsel claim, "the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Commonwealth v. King*, 57 A.3d 607, 613 (Pa. 2012). If the petitioner fails to prove any of these prongs, the claim is subject to dismissal. *Bomar*, 104 A.3d at 1188.

As explained above, PCRA Counsel complied with all of the *Turner/Finley* requirements to withdraw as counsel. Thus, there is no arguable merit to Appellant's claim of PCRA Counsel's ineffectiveness. *See id.*

---

Super. 2012), *appeal denied*, 64 A.3d 631 (Pa. 2013), this Court stated that "a petitioner waives issues of PCRA counsel's effectiveness regarding *Turner/Finley* requirements if he declines to respond to the PCRA court's notice of intent to dismiss." *Id.* at 1186 (citation omitted).

In sum, we agree with the PCRA court and PCRA Counsel that there are no meritorious issues that Appellant could pursue on collateral review, and therefore affirm the order dismissing his PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/21/19