**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Georgios KARANICOLAS, Appellant.**

Superior Court of Pennsylvania.

Submitted June 30, 2003.

Filed Nov. 12, 2003.

Dean E. Reynosa, York, for appellant.

Sandra I. Thompson, Asst. Dist. Atty., York, for Com., appellee.

Before: TODD, KELLY, JJ. and McEWEN, P.J.E.

KELLY, J.

¶ 1 Appellant, Georgios Karanicolas, appeals the order entered in the York County Court of Common Pleas, denying his petition for relief under the Post Conviction Relief Act.[1] Appellant asks us to determine, *inter alia,* whether his present PCRA petition was timely filed. We hold that the present PCRA should be considered Appellant's first for timeliness purposes, where his earlier PCRA petition served only to reinstate Appellant's rights to a direct appeal with this Court *nunc pro tunc.* We also hold that Appellant was effectively deprived of his right to counsel on appeal from his first PCRA petition. Accordingly, we remand this matter to the PCRA court for further proceedings consistent with this opinion.

¶ 2 The relevant facts and procedural history of this case are as follows. Appellant was arrested on drug charges stemming from the possession and sale of cocaine on several separate incidents in 1997. The Commonwealth charged Appellant with one count of delivery of cocaine[2] at docket number 1992 C.A.1998, one count of possession with intent to deliver cocaine[3] at 4830 C.A.1997, one count of delivery of cocaine at 1227 C.A.1998, one count of

---

1. 42 Pa.C.S.A. §§ 9541–9546.

2. 35 P.S. § 780–113(a)(30).

3. 35 P.S. § 780–113(a)(30).

delivery of cocaine at 1228 C.A.1998, one count of possession with intent to deliver cocaine at 1229 C.A.1998, and one count of possession with intent to deliver cocaine at 1230 C.A.1998. All charges were consolidated for a jury trial that occurred on September 3–4, 1998. The jury returned a verdict of guilty on every count except the possession with intent to deliver charge at 1229 C.A.1998. The jury found Appellant guilty of simple possession of cocaine with respect to that incident. The court subsequently sentenced Appellant to an aggregate term of sixteen (16) to thirty-two (32) years' incarceration.

¶ 3 Appellant filed a timely notice of appeal on November 13, 1998. However, this Court dismissed the appeal on April 26, 1999 because Appellant's counsel failed to file an appellate brief. On April 28, 1999, Appellant promptly filed a *pro se* motion for reinstatement of his direct appeal rights *nunc pro tunc*. The trial court treated Appellant's motion as a PCRA petition and appointed counsel to represent Appellant. Appellant's right to file a direct appeal *nunc pro tunc* was then reinstated on May 19, 2000.

¶ 4 On June 29, 2001, this Court affirmed Appellant's judgment of sentence on all counts except those at docket numbers 1229 C.A.1998 and 1292 C.A.1998. This Court vacated Appellant's conviction at 1229 C.A.1998 and remanded for a new trial.[4] This Court affirmed Appellant's judgment of sentence on the possession with intent to deliver charge at 1292 C.A.

1998, but remanded for an evidentiary hearing on trial counsel's ineffectiveness for failing to call an alibi witness at trial.[5] Appellant did not seek allowance of appeal from the Pennsylvania Supreme Court regarding the remaining convictions.

¶ 5 On July 5, 2002, Appellant filed the present PCRA petition. The PCRA court appointed counsel to represent Appellant on July 15, 2002. Following a hearing on September 9, 2002, the PCRA court addressed the issues raised in Appellant's petition but ultimately dismissed Appellant's petition as untimely. Shortly after the hearing, Appellant's counsel resigned from the public defender's office. Appellant's *pro se* appeal followed on October 4, 2002. The court subsequently appointed new counsel to represent Appellant on his appeal. Appellant's new counsel filed with this Court a petition for leave to withdraw as counsel, pursuant to *Turner/Finley*,[6] and a brief designated as an *"Anders"* brief.[7]

¶ 6 Appellant has raised the following issues for our review:

WHETHER THE PCRA COURT ERRED AS A MATTER OF LAW IN DISMISSING APPELLANT'S PCRA PETITION FILED ON JULY 5, 2002, AS HIS SECOND PCRA?

WHETHER THE PCRA COURT ERRED IN NOT FINDING TRIAL COUNSEL INEFFECTIVE FOR FAILING TO RAISE ISSUES OF

---

4. This case was eventually dismissed upon the Commonwealth's motion and is not the subject of this appeal.

5. At the evidentiary hearing on remand, the trial court found Appellant's counsel was not ineffective for failing to call the alibi witness. This Court affirmed on appeal. Appellant has petitioned for allowance of appeal from the Supreme Court regarding that case.

6. *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988) and *Commonwealth v. Finley*, 379 Pa.Super. 390, 550 A.2d 213 (1988).

7. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

SENTENCING ENTRAPMENT AND TRIAL SEVERANCE?

(Appellant's Brief at 4).

¶ 7 Our standard of review of an order denying PCRA relief is limited to examining whether the evidence of record supports the PCRA court's determination and whether the ruling is free from legal error. *Commonwealth v. Merritt*, 827 A.2d 485, 486 (Pa.Super.2003). We will not disturb findings of the PCRA court that are supported by the certified record. *Id.*

¶ 8 Initially, we address whether Appellant's current PCRA petition was timely filed on July 5, 2002, because the timeliness of the petition goes directly to the jurisdiction of the court. *Commonwealth v. Hutchins*, 760 A.2d 50 (Pa.Super.2000). Section 9545 of the PCRA reads in pertinent part:

§ 9545. **Jurisdiction and proceedings**

\* \* \*

(b) **Time for filing petition.—**

(1) Any petition under this subchapter, including second or subsequent petition, shall be filed within one year of the date the judgment becomes final. . . .

\* \* \*

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545(b). When this Court affirms a judgment of sentence, the judgment becomes final thirty days later for purposes of Section 9545 if the defendant does not seek allowance of appeal with the Pennsylvania Supreme Court. *Hutchins, supra.*

¶ 9 When a petitioner is granted a direct appeal *nunc pro tunc* in his first PCRA petition, a subsequent PCRA petition is considered a first PCRA petition for timeliness purposes. *Commonwealth v. Lewis*, 718 A.2d 1262 (Pa.Super.1998), *appeal denied*, 558 Pa. 629, 737 A.2d 1224 (1999). *Lewis* involved a defendant ("Lewis") who did not appeal his judgment of sentence following his murder conviction. On February 2, 1988, Lewis filed a petition under the Post Conviction Hearing Act[8] ("PCHA"), the precursor to the PCRA, seeking reinstatement of his right to a direct appeal *nunc pro tunc*. *Id.* at 1263. On April 30, 1991, the trial court granted Lewis the right to file a notice of appeal with this Court, which he did. *Id.* This Court affirmed Lewis' judgment of sentence on February 12, 1993, and Lewis took no further appeal. *Id.*

¶ 10 Some three years later, on July 17, 1996, Lewis filed a petition seeking relief under the PCRA. The trial court dismissed the petition, and on appeal this Court was asked to determine whether Lewis' petition was untimely under Section 9545(b) as amended, effective January 16, 1996. *Id.* This Court held that Lewis' 1988 petition for post conviction relief was not a "prior PCRA petition" for purposes of Section 9545(b), because the 1988 petition merely resulted in the reinstatement of a direct appeal *nunc pro tunc*. *Id.* This Court reasoned: "We reach this conclusion because Mr. Lewis' PCHA petition did not result in his receiving post-conviction relief *per se*; rather, it resulted in his receiving the right to directly appeal his judgment of sentence *nunc pro tunc*. This is a significant distinction." *Id.* Therefore, this Court deemed Lewis' 1996 petition for post

---

8. The Post Conviction Hearing Act was modified in part, repealed in part, and renamed the Post Conviction Relief Act, effective April 13, 1988. *Lewis, supra* at 1262 n. 2.

conviction relief as his first PCRA petition, and concluded it was timely under Section 9545(b). *Id.* at 1264.

¶ 11 The present case presents a situation analogous to *Lewis, supra.* On April 26, 1999, this Court dismissed Appellant's direct appeal because his counsel failed to file an appellate brief. Appellant did not petition for allowance of appeal with our Supreme Court. Instead, Appellant promptly filed a PCRA petition on April 28, 1999, seeking reinstatement of his direct appeal rights *nunc pro tunc.* The PCRA court appointed counsel and ultimately reinstated Appellant's rights to a direct appeal *nunc pro tunc* on May 19, 2000, due to prior counsel's unexcused failure to file an appellate brief.

¶ 12 As in *Lewis,* here Appellant's initial PCRA petition served only to reinstate his rights to a direct appeal *nunc pro tunc;* it did not grant him PCRA relief *per se. See Lewis, supra. See also Commonwealth v. Dehart,* 730 A.2d 991, 993 n. 2 (Pa.Super.1999), *appeal denied,* 560 Pa. 719, 745 A.2d 1218 (1999) (citing *Lewis* but refusing to "reset" date used to determine finality of judgment because relief granted in first petition was PCRA relief *per se* ). Once Appellant had permission to and filed his direct appeal *nunc pro tunc* with this Court, his judgment of sentence was not final for purposes of Section 9545(b). Therefore, Appellant's subsequent July 5, 2002 PCRA petition should have been considered his first petition for timeliness purposes. *See Lewis, supra.* Appellant's judgment did not become final until July 29, 2001, thirty days after this Court affirmed Appellant's judgment of sentence on June 29, 2001, and upon the expiration of time to seek further review. *See Hutchins, supra.* Thus, Appellant's July 5, 2002 PCRA petition was timely filed within one year after his judgment of sentence became final on July 29, 2001. *See*

*Lewis, supra;* 42 Pa.C.S.A. § 9545(b). Therefore, the trial court erred when it dismissed Appellant's present PCRA petition as untimely, either by failing to recognize that it was Appellant's first PCRA petition for timeliness purposes or by neglecting to consider that the one year filing deadline of Section 9545(b) does not begin to run until after the expiration of the time for seeking discretionary review. *See id.; Hutchins, supra; Lewis, supra.*

¶ 13 Counsel's representation on this appeal and his request to withdraw his representation bring us to the next matter in which we consider whether Appellant was effectively deprived of his right to counsel on his appeal from the denial of his first PCRA petition. *Commonwealth v. Hampton,* 718 A.2d 1250 (Pa.Super.1998). Pennsylvania courts have recognized expressly that every post-conviction litigant is entitled to "at least one **meaningful** opportunity to have…issues reviewed, at least in the context of an ineffectiveness claim." *Commonwealth v. Kaufmann,* [405 Pa.Super. 335, 592 A.2d 691, 695 (Pa.Super.1991) (quoting *Commonwealth v. Alexander,* 495 Pa. 26, 35, 432 A.2d 182, 186 (1981)) ]. This Court has admonished, accordingly, that "[t]he point in time at which a trial court may determine that a PCRA petitioner's claims are frivolous or meritless is after the petitioner has been afforded a full and fair opportunity to present those claims." [*Commonwealth v. Peterson,* 453 Pa.Super. 271, 683 A.2d 908, 909 (Pa.Super.1996) ]. Our Supreme Court has recognized that such an opportunity is best assured where the petitioner is provided representation by competent counsel "whose ability to frame the issues in a legally meaningful fashion insures the trial court that all relevant considerations will be brought to its attention." *Commonwealth v.*

*Carrier,* 494 Pa. 305, 309, 431 A.2d 271, 273 (1981). The [S]upreme [C]ourt has mandated accordingly, "that counsel be appointed in **every** case in which a defendant has filed a motion for post-conviction collateral review for the first time and is unable to afford counsel...." *Kaufmann, supra* [ (quoting Pa.R.Crim.P. [904, comment) (emphasis added) ].... "Thus, **before** the trial court disposes of a post conviction petition, it must first make a determination as to the petitioner's indigence and if the petitioner is indigent, the court must appoint counsel to assist in the preparation of said petition." *Commonwealth v. Van Allen,* [409 Pa.Super. 348, 597 A.2d 1237, 1239 (Pa.Super.1991) (emphasis in original) ]. The indigent petitioner's right to counsel must be honored regardless of the merits of his underlying claims, even where those claims were previously addressed on direct appeal, so long as the petition on question is his first. *See Commonwealth v. Luckett,* 700 A.2d 1014 (Pa.Super.1997) ( [holding] even where most of the issues raised in indigent petitioner's PCRA had been previously litigated or were not cognizable under the PCRA, he was entitled to assistance of counsel to litigate his first petition).

\* \* \*

■ Moreover, "[t]his rule [has not been] limited to the mere naming of an attorney to represent an accused, but also envisions that counsel so appointed shall have the opportunity and in fact discharge the responsibilities required by his representation." *Commonwealth v. Fiero,* 462 Pa. 409, 413, 341 A.2d 448, 450 (1975)....

\* \* \*

■ "Once appointment has been made, counsel may seek to withdraw, **after a thorough review of the record has been made,** where non-frivolous issues justifying the pursuit of post-conviction collateral relief are lacking." *Kaufmann, supra* [at 698] (emphasis added) [ (citing *Finley, supra* at 214) ] ( [stating] post-conviction counsel may seek to withdraw by filing "no-merit" letter detailing the nature and extent of his review, listing the issues raised by the petitioner, and explaining why petitioner's issues are meritless). Counsel may not, however, accept appointment, thereby engendering the reliance of both his client and the court, **without undertaking of record either to advance his client's claims or certify their lack of merit.**

In addressing the petitioner's right to counsel under the precursor to the PCRA, we admonished that "[w]hen appointed counsel fails to amend an inarticulately drafted *pro se* [post conviction] petition, or fails otherwise to participate meaningfully, this court will conclude that the proceedings were, for all practical purposes, uncounseled and in violation of the representation requirement...." [*Commonwealth v. Ollie,* 304 Pa.Super. 505, 450 A.2d 1026, 1028 (Pa.Super.1982); [ (quoting *Commonwealth v. Sangricco,* 490 Pa. 126, 415 A.2d 65 (1980)) ] (internal quotation marks · omitted). Both this Court and our Supreme Court have recognized that a post conviction petition is effectively uncounseled under a variety of circumstances whenever omissions of record demonstrate that counsel's inaction "deprived the petitioner 'the opportunity of legally trained counsel to advance his position in. acceptable legal terms.' " *Sangricco, supra* at 133, 415 A.2d at 68 [ (quoting *Fiero, supra* at 413, 341 A.2d 448, 341 A.2d at 450) ].

*Id.* at 1252–54 (emphasis added). "This right to representation exists 'throughout the post-conviction proceedings, including

any appeal from disposition of the petition for post conviction relief.'" *Commonwealth v. Quail,* 729 A.2d 571, 573 (Pa.Super.1999) (quoting Pa.R.Crim.P. 904(E)[9]).

▊▊▊ ¶ 14 In the present case, appellate counsel did not file a "no merit" letter pursuant to *Turner/Finley. See Hampton, supra.* Instead, appellate counsel attempted to comply with the requirements for withdrawal announced in *Anders, supra*[10] and its progeny. Briefs filed pursuant to *Anders* and *Commonwealth v. McClendon,* 495 Pa. 467, 434 A.2d 1185 (1981) are procedurally appropriate on direct appeal; they are inappropriate on appeals involving PCRA petitions. Before an attorney can be permitted to withdraw from representing a petitioner **under the PCRA,** Pennsylvania law requires counsel to file and obtain approval of a "no-merit" letter pursuant to the mandates of *Turner/Finley. Commonwealth v. White,* 449 Pa.Super. 386, 674 A.2d 253, 256 (1996) (emphasis added). The "no-merit" letter should include a description of the nature and extent of the attorney's review, a list of the issues that the PCRA petitioner wishes to have reviewed, and an explanation of why the issues lack merit. *Commonwealth v. Mosteller,* 430 Pa.Super. 57, 633 A.2d 615, 617 (1993). Substantial compliance with these requirements will satisfy the *criteria. Commonwealth v. Dukeman,* 413 Pa.Super. 397, 605 A.2d 418, 419 (1992).

¶ 15 Here, appellate counsel's petition for leave to withdraw was based solely on counsel's mistaken conclusion that Appellant's current PCRA petition was untimely filed. Consequently, counsel failed to explain why the remainder of Appellant's issues lacked merit, in compliance with *Turner/Finley. See Commonwealth v. Glover,* 738 A.2d 460 (Pa.Super.1999) (holding PCRA counsel, in "no-merit" letter, must identify each issue petitioner wishes to raise, and explain whether specific claim has been previously litigated, waived for failure to raise it on direct appeal, or frivolous for some other reason). Although counsel did address Appellant's issues in his *"Anders"* brief, counsel's cursory analysis was obviously tainted by his misconception that Appellant's PCRA petition was untimely. Appellate counsel's petition to withdraw was a half-hearted amalgam of the *Turner/Finley* and *Anders* requirements, which ultimately succeeded neither in advancing Appellant's claims nor certifying their lack of merit. *See Hampton, supra.* Under these circumstances, we conclude that the record provides little or no evidence to demonstrate "meaningful participation" by appellate counsel. *See id.* Thus, Appellant's appeal from the disposition of his first PCRA petition was for all practical purposes uncounseled, depriving Appellant of the opportunity of legally trained counsel to advance his position in acceptable legal terms on appeal.[11] *See Quail, supra; Hampton, supra;* Pa.R.Crim.P. 904(E).

**9.** Formerly Pa.R.Crim.P. 1504(d).

**10.** To withdraw under *Anders,* counsel must: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, he or she has concluded that the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any

additional points that the appellant deems worthy of review. *Commonwealth v. Torres,* 428 Pa.Super. 283, 630 A.2d 1250, 1251 (1993).

**11.** We note *Turner/Finley* requires appellate counsel to undertake a full and thorough review of the record and the petitioner's claims before seeking withdrawal. *See Hampton, supra.* Given appellate counsel's reliance on the determination of the untimeliness of Appellant's PCRA petition as his sole reason for

¶ 16 Hence, we remand for the appointment of new counsel. Newly appointed counsel may either proceed to develop and advocate meritorious claims or seek to withdraw, "after a thorough review of the record has been made, where non-frivolous issues justifying the pursuit of post-conviction collateral relief are lacking." *See Hampton, supra* (quoting *Kaufmann, supra* at 698). *See also Glover, supra.*

¶ 17 For the foregoing reasons, we hold that Appellant's present PCRA petition should be considered his first for purposes of Section 9545(b), and that it was timely filed in compliance with the statute.[12] We also hold that Appellant was effectively deprived of his right to counsel on appeal from his first PCRA petition. Accordingly, we remand this matter the PCRA court for appointment of new appellate counsel.[13] New counsel shall have thirty (30) days from the date of appointment to file an advocate's brief or a proper *Turner/Finley* no merit letter with this Court. The Commonwealth shall then have thirty (30) days to file a responsive brief, if the Commonwealth so desires.

¶ 18 Case remanded for further proceedings consistent with this opinion. Panel jurisdiction is retained.

---

withdrawal, we are not convinced that counsel adequately investigated Appellant's claims.

12. Our decision does not implicate the Supreme Court's recent holding in *Commonwealth v. Robinson,* —— Pa. ——, 837 A.2d 1157, 2003 WL 22410210 (2003) (holding time limit for bringing PCRA petition cannot be circumvented by construing untimely, serial petition as extension of timely but dismissed first PCRA petitions where Superior Court ultimately dismissed appeal from denial of first petition because appellant failed to file appellate brief). However, we follow the Supreme Court's recommendations and retain jurisdiction over this matter to avoid the harm *Robinson* was meant to correct.

13. Due to our disposition of this appeal, we dismiss appellate counsel's petition to withdraw as moot.