J-S72004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JODY GORDON | |
| Appellant | No. 1959 MDA 2015 |

Appeal from the PCRA Order October 23, 2015
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0007467-2013

BEFORE:  GANTMAN, P.J., DUBOW, J., and STRASSBURGER, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED DECEMBER 08, 2016**

Appellant, Jody Gordon, appeals from the order entered in the York County Court of Common Pleas, which denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  On July 9, 2014, Appellant pled guilty to possession with intent to deliver a controlled substance.  The court sentenced Appellant on July 29, 2014, to two-and-one-half (2½) to five (5) years' incarceration.  On February 5, 2015, Appellant filed a timely *pro se* PCRA petition, and he filed an amended petition on July 31, 2015.  The PCRA court subsequently appointed counsel. Following a hearing, the court denied Appellant's PCRA petition on October 23, 2015.  Appellant filed a timely notice of appeal on November 9, 2015, and complied with the court's order to file a concise statement of errors

_____

*Retired Senior Judge assigned to the Superior Court.

complained of on appeal per Pa.R.A.P. 1925(b).

Preliminarily, appellate counsel has filed a **Turner/Finley**[1] brief and a petition to withdraw as counsel. Before counsel can be permitted to withdraw from representing a petitioner under the PCRA, Pennsylvania law requires counsel to file a "no-merit" brief or letter pursuant to **Turner** and **Finley**. **Commonwealth v. Karanicolas**, 836 A.2d 940 (Pa.Super. 2003).

> [C]ounsel must…submit a "no-merit" letter to the [PCRA] court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, **listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit**, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> If counsel fails to satisfy the foregoing technical prerequisites of **Turner/Finley**, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper **Turner/Finley** request or an advocate's brief.

**Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa.Super. 2007) (internal citations omitted) (emphasis added). Instantly, appellate counsel's **Turner/Finley** brief addresses only one issue on appeal (trial counsel's alleged ineffective assistance for promising Appellant a concurrent sentence

---

[1] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

if he pled guilty) and explains why that issue lacks merit. Counsel notified Appellant of counsel's request to withdraw and properly advised Appellant regarding his rights. In Appellant's *pro se* response, he asserts counsel failed to address other issues raised in Appellant's PCRA petition, which Appellant wanted to advance on appeal, *i.e.*, trial counsel's alleged ineffectiveness for failing to (1) move for dismissal of the charges based on "prejudicial pre-arrest delay"; (2) provide Appellant with pre-trial discovery material; (3) advise Appellant on the availability of an alibi defense; (4) challenge Appellant's alleged mandatory minimum sentence; and (5) file a post-sentence motion and/or direct appeal on Appellant's behalf. (**See** Appellant's *pro se* brief at 9). Appellate counsel did not list those issues in his **Turner/Finley** brief and explain why they lack merit. Therefore, counsel failed to comply with the technical requirements of **Turner/Finley**. Accordingly, we deny counsel's petition to withdraw. **See Wrecks, supra**. Instead, we remand and direct counsel to file (1) an advocate's brief, or (2) a compliant **Turner/Finley** brief, additionally addressing the other issues enumerated in Appellant's current *pro se* response, with an accompanying petition to withdraw. Counsel must file the amended brief within thirty (30) days of the filing date of this decision. The Commonwealth shall then have thirty (30) days to file an answer brief or notify this Court that it does not intend to file one. If counsel files an amended **Turner/Finley** brief, Appellant shall have thirty (30) days from the date counsel files the brief to

file an amended *pro se* response, strictly limited to those issues previously raised and properly preserved.

Case remanded with instructions.  Panel jurisdiction is retained.