J-S83011-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                :           PENNSYLVANIA
                                                :

            v.                                   :

WALTER T. HODGES, II             :

            Appellant            :     No. 417 WDA 2018

Appeal from the PCRA Order February 15, 2018
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0004883-2001
CP-65-CR-0004884-2001
CP-65-CR-0004885-2001

BEFORE: PANELLA, J., SHOGAN, J., and MUSMANNO, J.

JUDGMENT ORDER BY PANELLA, J.:            **FILED JUNE 28, 2019**

Walter T. Hodges, II, appeals *pro se* from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. Hodges claims, *inter alia*, that the hearing on the revocation of his probation and resentencing was a sham proceeding conducted to conceal an illegal detainer, and his sentence was unlawful. PCRA counsel mistakenly concluded that Appellant's petition was untimely filed, and did not review the substantive claims. We agree with the Commonwealth that under controlling authority, Appellant would be considered uncounseled, and the matter should be remanded for the appointment of new PCRA counsel. We therefore vacate and remand.

Appellant's counsel erroneously concluded that his PCRA petition was untimely. The PCRA court dismissed the petition and granted counsel permission to withdraw. *See* Order, 2/15/18. It reasoned that even if the petition was timely as to certain claims, the substantive issues it raised were frivolous.

The Commonwealth maintains that where counsel is granted permission to withdraw solely on his mistaken conclusion that the PCRA petition was untimely filed without reviewing the substantive claims, under our case law Appellant is considered uncounseled, and the matter should be remanded for the appointment of new PCRA counsel. *See* Commonwealth's Brief, at 3.

We agree. *See Commonwealth v. Karanicolas*, 836 A.2d 940, 947-48 (Pa. Super. 2003) (holding appellant effectively deprived of right to counsel where counsel's petition for leave to withdraw was based solely on mistaken conclusion that PCRA petition was untimely filed, counsel failed to explain why remainder of appellant's issues lacked merit, and counsel's cursory analysis was tainted by misconception that appellant's petition was untimely). Accordingly, we remand for the appointment of new counsel. After review, counsel may seek leave to file an amended petition, file an advocate's brief or file a proper *Turner/Finley* no merit letter with the PCRA court.[1]

---

[1] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Order vacated. Case remanded for further proceedings consistent with this order. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/28/2019