J-S56045-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BENJAMIN KIEFER | : | |
| | : | |
| Appellant | : | No. 637 EDA 2019 |

Appeal from the PCRA Order Entered February 6, 2019
In the Court of Common Pleas of Wayne County Criminal Division at
No(s): CP-64-CR-0000199-2013

BEFORE: PANELLA, P.J., OLSON, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.: **FILED NOVEMBER 08, 2019**

Appellant Benjamin Kiefer appeals from the order dismissing the Post Conviction Relief Act[1] (PCRA) petition he filed *pro se* following the affirmance of his conviction in a direct appeal *nunc pro tunc*. Because Appellant was deprived of his right to counsel for a first PCRA petition, we vacate the order and remand for further proceedings.

A prior panel of this Court summarized the facts of Appellant's conviction as follows: "After a night of drinking, fighting, and crashing a car, Appellant, Benjamin Kiefer, shot his brother, Kenneth, five times, resulting in Kenneth's death. At trial, Kiefer conceded that he had shot Kenneth to death, but argued

_____

[1] 42 Pa.C.S. §§ 9541-9546.

that he did so in self-defense." **Commonwealth v. Kiefer**, 2925 EDA 2016, 2017 WL 3976371, *1 (Pa. Super. filed Sept. 11, 2017) (unpublished mem.). A jury convicted Appellant of third-degree murder[2] on September 18, 2014. On December 4, 2014, the trial court sentenced Appellant to fifteen to thirty years' imprisonment. Appellant did not file a direct appeal.

On December 17, 2015, Appellant, acting *pro se*, filed a PCRA petition. The PCRA court appointed counsel, and on August 10, 2016, the PCRA court granted relief and reinstated Appellant's direct appeal rights *nunc pro tunc*. Order, 8/11/16. Appellant subsequently appealed to this Court, which affirmed on September 11, 2017. **See Kiefer**, 2017 WL 3976371 at *2. Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On August 21, 2018, the PCRA court docketed Appellant's *pro se* PCRA petition, which requested appointment of PCRA counsel.[3] The PCRA court did not appoint counsel. On December 27, 2018, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss. The PCRA court concluded that Appellant's PCRA petition was timely filed but lacked merit. Rule 907 Notice, 12/27/18, at 2. On January 17, 2019, the PCRA court docketed Appellant's

---

[2] 18 Pa.C.S. § 2502(c).

[3] The certified record did not include a postmarked envelope. **See generally Commonwealth v. Whitehawk**, 146 A.3d 266, 268 n.3 (Pa. Super. 2016) (stating that under the "prisoner mailbox rule," a document is deemed filed when placed in the hands of prison authorities for mailing).

*pro se* response. On February 6, 2019, the PCRA court dismissed Appellant's petition. Appellant, still *pro se*, timely appealed and timely filed a court-ordered Pa.R.A.P. 1925(b) statement.

On July 16, 2019, Appellant, *pro se*, filed an application for relief with this Court, requesting, among other things, appointment of counsel. On August 12, 2019, this Court ordered that the PCRA court appoint counsel for Appellant. Order, 8/12/19. The PCRA court subsequently appointed appellate counsel, who did not take any action. On August 15, 2019, the PCRA court requested clarification of this Court's August 12, 2019 order because it believed that Appellant was not entitled to appointed counsel because the underlying petition was Appellant's second, and not his first, petition.[4]

Initially, before addressing the merits of this appeal, we note that "where an indigent, first-time PCRA petitioner was denied his right to counsel—or failed to properly waive that right—this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake." ***Commonwealth v. Stossel***, 17 A.3d 1286, 1290 (Pa. Super. 2011). For example, in ***Commonwealth v. Karanicolas***, 836 A.2d 940 (Pa. Super. 2003), the Court addressed whether a defendant's second PCRA petition

---

[4] Although appellate counsel was appointed, Appellant filed a *pro se* application for relief on October 7, 2019, which requested that this Court remand the matter to the PCRA court because he had a rule-based right to counsel.

should be considered timely filed. **Karanicolas**, 836 A.2d at 942. In resolving that question, the **Karanicolas** Court held that the defendant's "present PCRA should be considered [the defendant's] first for timeliness purposes, where his earlier PCRA petition served only to reinstate [the defendant's] rights to a direct appeal with this Court *nunc pro tunc*." **Id.**

The **Karanicolas** Court then addressed whether the defendant was deprived of his right to PCRA counsel for his first PCRA petition:

> Pennsylvania courts have recognized expressly that every post-conviction litigant is entitled to at least one **meaningful** opportunity to have issues reviewed, at least in the context of an ineffectiveness claim. This Court has admonished, accordingly, that the point in time at which a trial court may determine that a PCRA petitioner's claims are frivolous or meritless is after the petitioner has been afforded a full and fair opportunity to present those claims. Our Supreme Court has recognized that such an opportunity is best assured where the petitioner is provided representation by competent counsel whose ability to frame the issues in a legally meaningful fashion insures the trial court that all relevant considerations will be brought to its attention. The Supreme Court has mandated accordingly, that counsel be appointed in **every** case in which a defendant has filed a motion for post-conviction collateral review for the first time and is unable to afford counsel. Thus, **before** the trial court disposes of a post conviction petition, it must first make a determination as to the petitioner's indigence and if the petitioner is indigent, the court must appoint counsel to assist in the preparation of said petition. The indigent petitioner's right to counsel must be honored regardless of the merits of his underlying claims, even where those claims were previously addressed on direct appeal, so long as the petition on question is his first.

**Id.** at 945 (citations omitted, emphases in original, and some formatting altered). Therefore, the **Karanicolas** Court remanded for appointment of counsel. **Id.** at 948; **see also** Pa.R.Crim.P. 904(C) ("[W]hen an

unrepresented defendant satisfies to the judge that the defendant is unable to afford or otherwise procure counsel, the judge **shall** appoint counsel to represent the defendant on the defendant's first petition for post-conviction relief." (emphasis added)).

Instantly, the underlying PCRA petition is technically Appellant's first petition because Appellant's prior PCRA petition reinstated Appellant's direct appeal rights *nunc pro tunc*. **See Karanicolas**, 836 A.2d at 942. It follows that the PCRA court should have appointed PCRA counsel after Appellant, acting *pro se*, filed his first PCRA petition in August 2018. **See id.**; **see also** Pa.R.Crim.P. 904(C). Appellant, therefore, was not afforded a full and fair opportunity to present his claims via appointed counsel. **See Karanicolas**, 836 A.2d at 945. On remand, appointed counsel must either file an amended PCRA petition or comply with **Turner**/**Finley**[5] and seek leave to withdraw as counsel. **See id.** at 946.

Order vacated. Appellant's *pro se* application for relief forwarded to counsel pursuant to **Commonwealth v. Jette**, 23 A.3d 1032 (Pa. 2011). Case remanded for further proceedings. Jurisdiction relinquished.

---

[5] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/8/19