J-S59021-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TYRONE GRAVES | : | |
| | : | |
| Appellant | : | No. 2868 EDA 2018 |

Appeal from the Judgment of Sentence Entered September 14, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0011489-2014

BEFORE: LAZARUS, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY NICHOLS, J.: **FILED NOVEMBER 19, 2019**

Appellant Tyrone Graves appeals *nunc pro tunc* from the judgment of sentence entered after a jury found Appellant guilty of corruption of a minor.[1] On appeal, Appellant contends the trial court imposed an unreasonable sentence. Appellant also claims that although the trial court reinstated his direct appeal rights *nunc pro tunc*, it erred by not permitting him to file a post-sentence motion *nunc pro tunc*. We affirm.

We quote the trial court's summary of the facts as follows:

[The c]omplainant . . . met Appellant through [the complainant's] cousins during her last week of school in 2014, after she fully moved into her aunt's house. Appellant was well known to the family and visited often. The [complainant]'s aunt . . . had strict rules for the household which included that no one was to visit without her approval. Prior to the incident where Appellant put his penis in [the complainant's] vagina, Appellant, who knew that

---

[1] 18 Pa.C.S. § 6301.

the fourteen year old [complainant] liked him told her that she was pretty, and engaged in the exchange of a photo of his penis and her breast on the minor's social media.

On August 15, 2014, while [the complainant] slept on her aunt's couch, Appellant entered the home on the pretext that he had [the aunt's] permission. That encounter culminated with Appellant awakening [the complainant] by putting his hand up her shirt, punching her in the face, grabbing and dragging her to the basement, and pushing her to the floor where he dislodged her clothing and put his penis in her vagina. Appellant threatened [the complainant] with future physical harm if she told anyone. [The complainant] was treated for vaginal bleeding after his incident.

Trial Ct. Op., 4/12/19, at 1-2 (citations omitted).

Appellant was arrested and charged with rape, unlawful contact with a minor, sexual assault, and corruption of minors. On July 20, 2016, a jury convicted Appellant only of corruption of minors. The trial court ordered a pre-sentence investigation. On September 14, 2016, the trial court sentenced Appellant to two to four years' imprisonment followed by one year of probation. Trial counsel advised Appellant of his post-sentence and direct appeal rights. N.T. Sentencing, 9/4/16, at 18. Appellant did not then file a direct appeal.

Appellant timely filed a *pro se* PCRA petition requesting reinstatement of his right to file a direct appeal and post-sentence motion *nunc pro tunc*. The PCRA court appointed counsel, who filed an amended PCRA petition requesting only reinstatement of Appellant's direct appeal rights *nunc pro tunc*.

On November 21, 2017, the PCRA court held an evidentiary hearing at which Appellant and trial counsel testified. Appellant testified that at the time of his sentencing, he understood he had ten days to file a motion for reconsideration and thirty days to file a notice of appeal. N.T. PCRA Hr'g, 11/21/17, at 8, 16. Appellant asserted that he told his mother to contact trial counsel to file a notice of appeal within three weeks of his sentencing. *Id.* at 11. Trial counsel testified that he did not recall any conversation with Appellant about filing a motion for "reconsideration or an appeal." *Id.* at 18. Trial counsel testified that it was his practice that if he was notified to file an appeal, he would have filed one. *Id.* at 20. The PCRA court did not immediately rule.

On December 20, 2017, PCRA counsel filed a motion to withdraw as he would be retiring at the end of the year. On February 9, 2018, the court granted PCRA counsel's motion to withdraw and appointed present counsel, John P. Cotter, Esq.

On February 20, 2018, present counsel, without leave of court, filed a supplemental PCRA petition requesting that Appellant's direct appeal and post-sentence rights be reinstated *nunc pro tunc*. The supplemental PCRA petition stated that trial counsel was ineffective by not filing a post-sentence motion to challenge the discretionary aspects of his sentence. Appellant's *pro se* or counseled PCRA petitions never asserted that trial counsel was ineffective by not preserving a weight of the evidence claim.

On July 30, 2018, the Commonwealth filed a motion to dismiss. The Commonwealth reasoned that Appellant failed to plead and prove trial counsel's ineffectiveness, particularly prejudice.

On September 25, 2018, the PCRA court entered an order granting and denying the supplemental petition in part. Specifically, the PCRA court permitted Appellant to file a direct appeal *nunc pro tunc* but denied Appellant the right to file a post-sentence motion *nunc pro tunc*. Appellant did not appeal from the PCRA court's order denying him leave to file to file a post-sentence motion *nunc pro tunc*.

Instead, on October 1, 2018, Appellant filed a direct appeal *nunc pro tunc* from the underlying judgment of sentence. Appellant timely filed a court-ordered Pa.R.A.P. 1925(b) statement. Appellant's Rule 1925(b) statement contended, among other issues, that the PCRA court erred by denying him the right to file a post-sentence motion *nunc pro tunc*, his sentence was unreasonable, and the evidence was insufficient. Appellant's statement did not challenge the weight of the evidence.

Appellant raises the following issues:

1. Was the sentence imposed by the trial court manifestly unreasonable because the trial court imposed a sentence outside the sentence guidelines when the Appellant's record and facts as found by the jury do not require this?

2. Did the [PCRA] court err in denying [Appellant] the right to file post sentence motions *nunc pro tunc* from the judgment of sentence because this denial prevented Appellant from asserting on appeal that the verdict was against the weight of the evidence and the sentence imposed was manifestly unreasonable?

- 4 -

Appellant's Brief at 2 (some formatting altered).

Appellant first contends that there was no basis for the trial court to impose a sentence in excess of the sentencing guidelines. *Id.* at 9. We recently set forth the procedures for a challenge to the discretionary aspects of a sentence in **Commonwealth v. Muhammed**, ___ A.3d ___, 2019 WL 4751942 (Pa. Super. filed Sept. 30, 2019).

> [A] defendant does not have an absolute right to pursue a challenge to the discretionary aspects of a sentence. Rather, before reaching the merits of such claims, we must determine whether (1) the appeal is timely; (2) the defendant preserved his issues; (3) the defendant included a concise statement of reasons for the discretionary sentence claim in his brief; and (4) the sentence is inappropriate under the sentencing code. If a defendant invokes this Court's jurisdiction to review the discretionary aspects of a sentence, we review a sentence for an abuse of discretion.

*Id.* at ___, 2019 WL 4751942 at *2 (citations omitted).

Although Appellant contends that his sentence is excessive, he did not file a post-sentence motion.[2] Because a post-sentence motion is required to preserve an excessive-sentence claim, and Appellant did not file one, we may not review the merits in this direct appeal. **See Muhammed**, ___ A.3d at ___, 2019 WL 4751942 at *2; **see also** Pa.R.A.P. 302.

---

[2] As discussed further below, Appellant also did not separately appeal the PCRA court's denial of leave to file such a motion.

- 5 -

Appellant next contends that the PCRA court erred by not reinstating his right to file a post-sentence motion *nunc pro tunc*. Appellant argues that he cannot preserve a weight-of-the-evidence claim and a discretionary challenge to his sentence "because these issues are waived unless raised in post-sentence motions." Appellant's Brief at 12. Appellant claims that because trial counsel was ineffective by not filing a direct appeal, trial counsel by extension was also ineffective by not filing post-sentence motions. ***Id.***

In ***Commonwealth v. Liston***, 977 A.2d 1089 (Pa. 2009), our Supreme Court held that when a PCRA court reinstates a defendant's direct appeal rights *nunc pro tunc*, the defendant is not automatically granted the right to file a post-sentence motion *nunc pro tunc*. ***Liston***, 977 A.2d at 1090. Rather, the ***Liston*** Court observed, "[i]f a defendant successfully pleads and proves that he was deprived of the right to file and litigate said motions as a result of the ineffective assistance of counsel, a PCRA court is free to grant such relief." ***Id.*** at 1094 n.9.

Instantly, the PCRA court entered the September 25, 2018 order that reinstated Appellant's right to file a direct appeal *nunc pro tunc* from the judgment of sentence but denied Appellant permission to file a post-sentence motion *nunc pro tunc*. ***See id.*** Appellant elected to file a direct appeal *nunc pro tunc* from the trial court's underlying judgment of sentence. Appellant, however, did not appeal from the PCRA court's September 25, 2018 order,

which, in relevant part, denied him leave to file a post-sentence motion *nunc pro tunc*.

Therefore, we are constrained to conclude that Appellant did not properly appeal the ruling that denied him permission to file a post-sentence motion *nunc pro tunc*. Because Appellant's present appeal lies from the trial court's underlying judgment of sentence and not the PCRA court's September 25, 2018 order, he cannot challenge the PCRA court's ruling that partially denied him PCRA relief.[3] **See generally** Pa.R.A.P. 302; **Commonwealth v. Fransen**, 986 A.2d 154, 156 (Pa. Super. 2009) (resolving appeal from order reinstating the defendant's direct appeal rights but rejecting the defendant's argument that he was entitled to file post-sentence motions).[4]

For these reasons, we must affirm the judgment of sentence.

Judgment of sentence affirmed.

_____

[3] As noted above, Appellant failed to preserve his claim that trial counsel was ineffective for failing to file a post-sentence motion challenging the weight of the evidence in his PCRA petitions and Rule 1925(b) statement.

[4] Because the PCRA court reinstated Appellant's direct appeal rights *nunc pro tunc*, Appellant may challenge his present counsel's advocacy in a PCRA petition, which would be considered Appellant's first. **See Commonwealth v. Karanicolas**, 836 A.2d 940, 944 (Pa. Super. 2003) (stating, "When a petitioner is granted a direct appeal *nunc pro tunc* in his first PCRA petition, a subsequent PCRA petition is considered a first PCRA petition for timeliness purposes").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/19/19</u>