J-S04034-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANDREW JOSEPH ALLAM | : | |
| | : | |
| Appellant | : | No. 1112 EDA 2023 |

Appeal from the Order Entered April 18, 2023
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-CR-0000469-2009

BEFORE:    BOWES, J., STABILE, J., and LANE, J.

MEMORANDUM BY LANE, J.:                    **FILED MARCH 26, 2024**

Andrew Joseph Allam ("Allam") appeals *pro se* from the order dismissing his "Motion to *Nunc Pro Tunc* Direct Appeal Rights, Lack of Quorum of the Court When Superior Court Rendered Its Decision" (hereinafter "Motion to *Nunc Pro Tunc*"), which challenged this Court's direct appeal decision, issued in 2011. We hold: (1) this motion should have been construed under the Post Conviction Relief Act[1] ("PCRA"); (2) the motion was a legal nullity because it was filed while Allam's prior PCRA appeal was pending; and thus (3) the order dismissing the motion was also a legal nullity. Accordingly, we quash the appeal.

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

A detailed recitation of the underlying facts — which are well known to the parties and the PCRA court — is not necessary for our disposition.[2] Instead, we recount that in November of 2010, Allam was found guilty following a jury trial of multiple counts of rape of a child and related offenses. The trial court imposed an aggregate sentence of forty to eighty years' imprisonment, found Allam to be a sexually violent offender, and ordered him to register under the then-in effect Megan's Law.[3]

Allam filed a direct appeal, and on December 2, 2011, a two-judge panel of this Court affirmed his judgment of sentence. Allam subsequently filed several PCRA petitions, all of which were denied.

Pertinently, in April 2022, Allam filed a *pro se* "Motion to Dismiss Criminal Action No. 469-2009, for Unsigned Probable Cause and Warrant of Arrest." The PCRA court denied relief, and Allam appealed. This Court

_____

[2] This Court has previously addressed five appeals taken by Allam at this criminal trial docket. **See Commonwealth v. Allam**, 296 A.3d 640 (Pa. Super. 2023) (unpublished memorandum) (affirming dismissal of untimely, fourth PCRA petition); **Commonwealth v. Allam**, 258 A.3d 542 (Pa. Super. 2021) (unpublished memorandum) (affirming dismissal of untimely serial PCRA petition); **Commonwealth v. Allam**, 217 A.3d 430 (Pa. Super. 2019) (unpublished memorandum) (affirming dismissal of PCRA petition under **Commonwealth v. Lark**, 746 A.2d 585 (Pa. 2000), because it was filed while prior PCRA appeal was still pending); **Commonwealth v. Allam**, 100 A.3d 298 (Pa. Super. 2014) (unpublished memorandum) (affirming dismissal of first PCRA petition), *appeal denied*, 99 A.3d 75 (Pa. 2014); **Commonwealth v. Allam**, 40 A.3d 182 (Pa. Super. 2011) (unpublished memorandum) (affirming judgment of sentence), *appeal denied*, 50 A.3d 124 (Pa. 2012).

[3] **See** 42 Pa.C.S.A. §§ 9791-9799.9 (expired).

affirmed the PCRA court's order on March 28, 2023, holding the motion should have been treated as a PCRA petition and dismissed as untimely filed.

Allam then had thirty days, or until April 27, 2023, to file a petition for allowance of appeal with our Supreme Court. **See** Pa.R.A.P. 1113(a). Allam did not file such a petition but, on April 18, 2023, filed the underlying *pro se* Motion to *Nunc Pro Tunc*.[4] Therein, Allam challenged this Court's 2011 direct appeal decision, averring that because the panel consisted of fewer than three judges, in violation of Pa.R.A.P. 3102(b)[5] and Superior Court Internal Operating Procedure Rule 65.5,[6] this Court had no power and no jurisdiction to enter its decision. Allam requested that his direct appeal rights be reinstated *nunc pro tunc*.

The PCRA court denied the Motion to *Nunc Pro Tunc*. The court's opinion noted, without further discussion, that the motion "was not treated as a" PCRA petition, but also found the motion was an untimely PCRA petition, as it was

---

[4] The "filed" stamp on the face of the motion bears a filing date of April 17, 2023. However, it was not entered on the PCRA court docket until April 18, 2023, For ease of review, we refer to the date of the PCRA court docket entry.

[5] **See** Pa.R.A.P. 3102(b) (stating that "[i]f less than three members of a panel attend a session of the panel, another judge or judges shall be designated to complete the panel if reasonably possible, and if it is not reasonably possible to do so the presiding judge with the consent of the parties present may direct that the matter be heard and determined by a panel of two judges").

[6] **See** Pa. IOP Super. Ct. 65.5.A (providing that "[e]xcept as otherwise provided by these rules, all appeals, whether argued or submitted, shall be assigned to and decided by panels consisting of three judges").

filed beyond the general one-year deadline and no timeliness exceptions were raised. *See* PCRA Court, 8/15/23, at 2-4. Allam filed a *pro se* notice of appeal.[7]

Before addressing Allam's issues on appeal, we must first determine whether the Motion to *Nunc Pro Tunc* was cognizable under the PCRA, and if so, whether it was timely filed. *See* 42 Pa.C.S.A. § 9542 (stating that the PCRA "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*"); *see also Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014) (noting "PCRA time limits are jurisdictional in nature, implicating a court's very power to adjudicate a controversy").

In October 2023, this Court issued a *per curiam* rule on the PCRA court and the parties to show cause why this appeal should not be quashed pursuant to *Lark*. *See* 746 A.2d at 588 (holding "that when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, *or* upon the expiration of the time for seeking such review[ ]") (emphasis added).

_____

[7] While Allam filed a *pro se* Rule 1925(b) concise statement of errors complained of on appeal contemporaneously with his notice of appeal, the following day the PCRA court issued an order directing him to file another one.

The PCRA court filed a response to the rule to show cause, which again suggested, without discussion or legal authority, that Allam's motion should not be considered a PCRA petition. Nevertheless, the court reasoned in the alternative that if Allam's motion were properly construed as a PCRA petition, it would have been improperly filed under *Lark*. Allam also filed a response to the rule to show cause.[8] He stated, similarly without explanation or legal authority, "[i]t cannot be treated as a PCRA." *See* Allam's Response, 12/21/23, at 3.

We conclude that the Motion for *Nunc Pro Tunc* is subject to the PCRA, and was prematurely filed while his prior appeal was pending or untimely filed pursuant to *Lark*. To the extent Allam claimed this Court's direct appeal panel lacked jurisdiction to enter a decision, the PCRA explicitly allows such a jurisdictional challenge. *See* 42 Pa.C.S.A. § 9543(a)(2)(viii) (stating a petitioner may raise a claim that his conviction or sentence resulted from "[a] proceeding in a tribunal without jurisdiction"). Furthermore, a request for the reinstatement of direct appeal rights is cognizable under the PCRA. *See Commonwealth v. Karanicolas*, 836 A.2d 940, 945 (Pa. Super. 2003) (reasoning that petitioner's "initial *PCRA petition* served only to reinstate his rights to a direct appeal *nunc pro tunc*; it did not grant him PCRA relief *per*

---

[8] Although Allam's response, styled as a "Motion to Impose Sanctions Upon Pike County Court for Failing to Comply with Superior Court's Order," was untimely filed after the deadline set forth in the rule to show cause, this Court accepted the filing.

- 5 -

*se*"); ***see also Commonwealth v. Koehler***, 229 A.3d 915, 929-30 (Pa. 2020) (reasoning that "[i]f an error of constitutional magnitude occurs during the appellate process, the PCRA is the sole means of collaterally attacking the final judgment on that basis").

For the foregoing reasons, we conclude that Allam's Motion for *Nunc Pro Tunc* should have been treated as a PCRA petition, and thus was subject to PCRA filing requirements. ***See*** 42 Pa.C.S.A. §§ 9542, 9543(a)(2)(viii); ***see also Karanicolas***, 836 A.2d at 945. Pursuant to ***Lark***, because Allam was still within the thirty-day period for filing a petition for allowance of appeal following this Court's March 28, 2023 decision affirming the denial of his prior PCRA petition, his Motion for *Nunc Pro Tunc* was a nullity. ***See Lark***, 746 A.2d at 588; ***see also Commonwealth v. Belle***, 289 A.3d 82 (Pa. Super. 2022) (unpublished memorandum at 4) (stating PCRA filings advanced in violation of ***Lark*** are legal nullities), *appeal denied*, 304 A.3d 328 (Pa. 2023); ***Commonwealth v. Neisser***, 227 A.3d 395 (Pa. Super. 2020) (unpublished memorandum at 5-6) (same).[9]

We further conclude that, because the Motion for *Nunc Pro Tunc* was a legal nullity, the PCRA court lacked authority to rule on it. ***See Belle***, 289 A.3d 82 (unpublished memorandum at 4); ***see also Neisser***, 227 A.3d 395 (unpublished memorandum at 5-6). The PCRA court also lacked jurisdiction,

---

[9] ***See*** Pa.R.A.P. 126(b)(1)-(2) (providing that Superior Court non-precedential decisions filed after May 1, 2019, may be cited for persuasive value).

under Pa.R.A.P. 1701(a), to enter any ruling while this matter was on appeal and the record remained in this Court's possession. **See** Pa.R.A.P. 1701(a) (stating generally, after an appeal is taken, the trial court may no longer proceed further in the matter); **see also** Pa.R.A.P. 2572(a)(2) (stating that the record shall be remanded to the lower court at the expiration of thirty days after the entry of the judgment of the appellate court possessed of the record). Accordingly, we quash the appeal.[10] **See Commonwealth v. Seay**, 814 A.2d 1240, 1241 (Pa. Super. 2003) (holding that "[w]here a PCRA petition is premature, we quash an appeal taken from a ruling on it").

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/26/2024

---

[10] We note that previously, Allam similarly filed a PCRA petition while his prior PCRA appeal was still pending, and on appeal, this Court: (1) applied **Lark**; (2) concluded the PCRA court lacked jurisdiction to rule on it; and (3) thus **affirmed** the order dismissing the petition. **See Allam**, 217 A.3d 430 (unpublished memorandum at 6). Nevertheless, we opine in this appeal that because the PCRA court lacked jurisdiction to rule on the Motion for *Nunc Pro Tunc*, the order dismissing it was likewise a legal nullity, and thus we **quash** the appeal.