J-S12035-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                                   :            PENNSYLVANIA
                                                   :
               v.                            :
                                                   :
TYMEIR HENDERSON                :
                                                   :
           Appellant             :     No. 2295 EDA 2023

Appeal from the PCRA Order Entered August 11, 2023
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0003372-2022

BEFORE:  DUBOW, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:           **FILED MAY 14, 2024**

Appellant, Tymeir Henderson, appeals *pro se* from the post-conviction court's August 11, 2023 order denying his timely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we vacate the court's order and remand for further proceedings.

The PCRA court summarized the pertinent history of Appellant's case, as follows:

> Appellant entered into a negotiated guilty plea on October 19, 2022, pleading guilty to murder of the third degree and aggravated assault, and he was sentenced to the agreed aggregate term of 30 to 60 years' imprisonment.  (N.T.[] Guilty Plea, 10/19/22, [at] 3).
>
> An on-the-record colloquy was conducted wherein Appellant acknowledged reviewing, initialing, and signing a written guilty plea colloquy in [the] presence of his counsel.  ***Id.*** at 4, 16 - 17. In pertinent part, Appellant agreed that he understood and could read and write the English language.  ***Id.*** at 4.  He denied having ever been treated for mental illness and being under the influence of any alcohol or drugs that would affect his ability to understand

the proceedings. *Id.* at 5. Appellant understood that he was there to plead guilty to third[-]degree murder and aggravated assault. *Id.* The elements of each offense were reviewed with him by counsel. *Id.* at 6. Appellant affirmed his understanding that he had a right to a jury trial and that he could be a part of the jury selection process; he was presumed innocent until found guilty; the Commonwealth had … the burden to prove his guilt beyond a reasonable doubt; he could remain silent at a trial and did not have to testify; and the maximum sentence for each crime. *Id.* at 6 - 8. Appellant was also informed of his appellate rights. *Id.* at 8 - 10. No one forced Appellant to enter the guilty plea and [he] was doing so of his own free will. *Id.* at 10 - 11. It was his decision to plead guilty and his alone. *Id.* at 12. He was not threatened or promised anything other than the agreed to sentence. *Id.* at 11. Appellant answered in the affirmative when questioned if he was satisfied with counsel's representation and whether he had sufficient time to discuss the details and aspects of his case. *Id.* Further, Appellant understood that by entering a negotiated guilty plea he was giving up his right to be sentenced within 90 days of his guilty plea and agreeing to be sentenced that day. *Id.* [at ]13.

Additionally, Appellant agreed to the facts as stated by the Commonwealth … that on February 27, 2022, around 731 Chain Street, Norristown, he shot and killed Dyon Thompson, and shot and wounded Quadir Miller in the back as he was fleeing. *Id.* at 17. Mr. Miller underwent various surgeries and suffered very serious injuries. *Id.* at 20. Further, this [c]ourt reviewed the law of homicide, including the difference between murder and manslaughter, the difference between first[-], second[-], and third[-]degree murder, and the concept of malice. *Id.* at 18 - 19. Appellant understood that he was originally charged with first-degree murder. *Id.* at 18. This [c]ourt also reviewed the crime of aggravated assault and that it requires serious bodily injury. *Id.* at 20. Appellant affirmed that he understood. *Id.* Appellant stated he had no questions and he apologized for his crimes. *Id.* [at ]20, 21. This [c]ourt accepted Appellant's guilty plea. *Id.* at 20. The agreed to sentence of 30 to 60 years' imprisonment was imposed. *Id.* at 21 - 22.

On October 26, 2022, Guilty Plea Counsel filed a Motion to Withdraw Guilty Plea. The basis of the motion was Appellant's statement that he did not get the right representation and felt forced and pressured to take the plea instead of going to trial. *See*[] Motion to Withdraw Guilty Plea, [10/26/22, at] 113.

Appellant also stated that he did not have enough time to make the decision based on the ineffectiveness of counsel. *Id.* at 114. The Commonwealth filed a response on October 31, 2022. On November 1, 2022, the motion was denied.

On May 5, 2023, Appellant filed a *pro se* PCRA petition. Therein, Appellant asserted that he was undecided about pleading guilty and that he was confused on the day of the guilty plea because his counsel did not explain to him what was going on. Appellant asserted several claims of alleged ineffectiveness of counsel[,] including[] the failure to file pre-trial motion[s], failure to cross-examine witnesses at the preliminary hearing, and failure to pursue a discovery motion. [**See** *Pro Se* PCRA Petition, 5/5/23, at 9 (unnumbered).]

PCRA Court Opinion (PCO), 10/10/23, at 1-4 (one citation to the record omitted).

The certified record shows that on May 9, 2023, the PCRA court issued an order appointing William McElroy, Esq., to represent Appellant. The court directed that Attorney McElroy had 60 days

to review the record, confer with [Appellant,] and … determine whether or not to request an Evidentiary Hearing or other relief. In the event that court-appointed counsel concludes that [Appellant's] claims lack merit, counsel should, in accordance with **Commonwealth v. Turner**, … 544 A.2d 927 ([Pa.] 1988)[,] and **Commonwealth v. Finley**, … 550 A.2d 231 ([Pa. Super.] 1988), so advise the Petitioner in writing and submit a copy to the Court in Chambers for the Court's independent review of the record.

Order, 5/9/23, at 1 (single page). Notably, the order did not direct counsel to **file of record** a petition to withdraw and no-merit letter.

According to the PCRA court, Attorney McElroy "filed a no-merit letter dated June 27, 2023, along with a motion to withdraw." PCO at 4. However, the certified record contains no docket entry for that purported filing, and there is no petition to withdraw or **Turner/Finley** no-merit letter contained

- 3 -

in the certified record that was transmitted to this Court. On July 18, 2023, the court issued an order granting Attorney McElroy's petition to withdraw, and also providing notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. Ultimately, the court issued an order dismissing Appellant's petition on August 11, 2023.

Appellant filed a timely, *pro se* notice of appeal, and complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court filed a Rule 1925(a) opinion on October 10, 2023. In Appellant's *pro se* brief to this Court, he states five issues, and 13 sub-issues, for our review. **See** Appellant's Brief at 4-6. However, we decline to address any of Appellant's *pro se* claims, as we are compelled to conclude that the PCRA court had no authority to grant Attorney McElroy leave to withdraw where counsel never actually **filed** a petition to do so.

In **Commonwealth v. Willis**, 29 A.3d 383 (Pa. Super. 2011), the PCRA court issued an order granting PCRA counsel's petitions to withdraw "despite the fact that those motions and his **Turner/Finley** no-merit letters were never actually filed." **Id.** at 400. On appeal, we stated:

> In **Commonwealth v. Karanicolas**, 836 A.2d 940 (Pa. Super. 2003), we made it clear that "[b]efore an attorney can be permitted to withdraw from representing a petitioner under the PCRA, Pennsylvania law **requires counsel to file** and obtain approval of a 'no-merit' letter pursuant to the mandates of **Turner/Finley**." **Id.** at 947 (citation omitted; emphasis added). In this case, the docket does not include the filings of either of [PCRA counsel's] petitions to withdraw or no-merit letters, and those documents are not included in the certified record. Consequently, we consider those petitions as non-existent and

conclude that the PCRA court had no authority to grant [counsel] leave to withdraw. ***See Commonwealth v. Kennedy***, 868 A.2d 582, 593 (Pa. Super. 2005) (stating that "[a]ny document which is not part of the official certified record is considered to be non-existent").

***Id.*** (emphasis in original).

We must reach the same conclusion in the instant case. Attorney McElroy's petition to withdraw and no-merit letter are non-existent, as they were never filed with the PCRA court and included in the certified record. Therefore, the PCRA court had no authority to grant counsel leave to withdraw. As such, we vacate the court's order denying Appellant's petition, and remand for further proceedings. Specifically, the court shall notify Attorney McElroy that he remains counsel of record in this case, and provide him time to consult with Appellant and ***file*** either an amended petition on Appellant's behalf, or a petition to withdraw and no-merit letter that meets all the requirements of ***Turner/Finley***. ***Commonwealth v. Doty***, 48 A.3d 451, 454 (Pa. Super. 2012) (summarizing the requirements for counsel to withdraw under ***Turner/Finley***) (citation omitted).

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>5/14/2024</u>