J-A19022-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LARRY E. GARLICK | : | |
| | : | |
| Appellant | : | No. 184 MDA 2022 |

Appeal from the PCRA Order Entered January 20, 2022
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0001028-2017

BEFORE:  BOWES, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KING, J.:          **FILED: FEBRUARY 23, 2023**

Appellant, Larry E. Garlick, appeals from the order entered in the Luzerne County Court of Common Pleas, which denied his petition pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows. The Commonwealth charged Appellant with rape by forcible compulsion, aggravated indecent assault (complainant less than 16 years old), indecent assault of a person less than 16 years old, and statutory sexual assault, in connection with the assault of a 15-year-old girl, who is the daughter of Appellant's prior paramour.  On June 29, 2018, Appellant waived his right to

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

a jury trial and a bench trial commenced immediately thereafter. The victim testified that in the middle of the night, she awoke to find Appellant on top of her. The victim stated that she initially froze, and Appellant proceeded to penetrate her vagina with his fingers and penis. Appellant also touched her breasts with his hands and his mouth before the victim pushed Appellant off of her. The victim went to her grandmother's room shortly after, told her about the assault, and they called the police. The Commonwealth presented evidence that Appellant's DNA matched the DNA swabs taken from the victim's breasts. A vaginal swab was also taken but no results were determined from the test. Further, a pelvic exam was conducted on the victim and there was no evidence of physical trauma in the region.

At the conclusion of the evidence, the trial court found Appellant guilty of all charges and sentenced him to an aggregate term of 132 to 264 months of incarceration. This Court affirmed the judgment of sentence on October 4, 2019, and Appellant did not file a petition for allowance of appeal with our Supreme Court. *See Commonwealth v. Garlick*, 1690 MDA 2018 (Pa.Super. Oct. 4, 2019) (unpublished memorandum). On November 3, 2020, Appellant filed a *pro se* PCRA petition. The court appointed counsel, who filed a supplemental PCRA petition alleging that trial counsel was ineffective for failing to adequately advise Appellant regarding the Commonwealth's plea offer.

The PCRA court conducted an evidentiary hearing on September 9,

2021. Appellant testified that trial counsel only met with Appellant in person two or three times at the courthouse. Appellant stated that he had no opportunity to fully discuss the merits of his case with trial counsel because he felt uncomfortable discussing the details of his case on the phone. Appellant claimed trial counsel informed him that the Commonwealth offered a plea deal but dismissed it saying, "we don't want that." Appellant insisted that trial counsel bolstered Appellant's confidence in taking his case to trial by diminishing the importance of the DNA evidence, telling Appellant that the victim's statements were inconsistent, and leading Appellant to believe that the results of the physical examination showing that the victim's hymen was intact would result in an acquittal. Appellant maintained that if trial counsel had properly advised him of the weight of the evidence against him, Appellant would have accepted the Commonwealth's plea offer.

Trial counsel testified that although he met with Appellant in person at the courthouse only once, he had many conversations with Appellant over the phone and by written correspondence. Trial counsel stated that he discussed the entirety of the discovery with Appellant, including the fact that the victim's statements were largely consistent throughout the course of her interviews. Trial counsel advised Appellant that the victim's statements alone could be sufficient to convict Appellant. Trial counsel further informed Appellant that the medical report showing that the victim's hymen was intact would not be dispositive of Appellant's guilt. Additionally, trial counsel informed Appellant

that Appellant's DNA was discovered on the victim's breasts.

Trial counsel testified that he had multiple conversations with the Commonwealth's attorney to discuss the charges against Appellant and secure a plea offer. Trial counsel related the Commonwealth's plea offer to Appellant and strongly recommended that Appellant consider the offer based on "what [trial counsel] believed the evidence would be at the time of trial [and] the potential lengthy sentence that [Appellant] may face if he were to be convicted." (N.T. PCRA Hearing, 9/9/21, at 9). Trial counsel stated that he communicated this recommendation to Appellant multiple times, and received varying responses from Appellant. Specifically, Appellant initially opposed accepting any plea offer but eventually told trial counsel that Appellant was only open to accepting a plea offer that guaranteed incarceration at a county jail and no sex offender registration requirements. Trial counsel told Appellant these were not terms that could be negotiated, and "prior to trial, it was abundantly clear that [Appellant] would be proceeding to trial." (*Id.* at 14).

On January 18, 2022, the PCRA court denied PCRA relief. Appellant filed a timely notice of appeal on January 27, 2022. The court did not order, and Appellant did not file, a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

As a preliminary matter, appellate counsel has filed a motion to

withdraw in this Court and a ***Turner***/***Finley*** brief.[2]  Before counsel can be permitted to withdraw from representing a petitioner under the PCRA, Pennsylvania law requires counsel to file a "no-merit" brief or letter pursuant to ***Turner*** and ***Finley***.  ***Commonwealth v. Karanicolas***, 836 A.2d 940 (Pa.Super. 2003).

> [C]ounsel must…submit a "no-merit" letter to the [PCRA] court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa.Super. 2007).  Counsel must also send to the petitioner a copy of the "no-merit" letter or brief and motion to withdraw and advise petitioner of his right to proceed *pro se* or with privately retained counsel.  ***Id.***  "Substantial compliance with these requirements will satisfy the criteria." ***Karanicolas, supra*** at 947.

Instantly, appellate counsel has filed a motion to withdraw and a ***Turner***/***Finley*** brief detailing the nature of counsel's review and explaining why Appellant's issues lack merit.  Counsel's brief also demonstrates that he reviewed the certified record and found no meritorious issues for appeal. Counsel notified Appellant of counsel's request to withdraw, advised Appellant regarding his right to retain new counsel and/or proceed *pro se*, and furnished

---

[2] ***See Commonwealth v. Turner***, 518 Pa. 491, 544 A.2d 927 (1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

Appellant with a copy of the petition and the brief prepared for this appeal. Thus, counsel has substantially complied with the **Turner**/**Finley** requirements. **See Wrecks, supra**; **Karanicolas, supra**. Accordingly, we proceed with our independent assessment. **See Turner, supra** at 494-95, 544 A.2d at 928-29 (stating appellate court must conduct independent analysis and agree with counsel that appeal is frivolous).

Counsel raises the following issue on Appellant's behalf:[3]

> Whether the PCRA court erred by denying Appellant's PCRA petition by holding that the testimony presented by trial counsel at the PCRA hearing was credible and Appellant's testimony was not credible?

(**Turner**/**Finley** Brief, at 2).

"Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error." **Commonwealth v. Beatty**, 207 A.3d 957, 960-61 (Pa.Super. 2019), *appeal denied*, 655 Pa. 482, 218 A.3d 850 (2019). This Court grants great deference to the factual findings of the PCRA court if the record contains any support for those findings. **Commonwealth v. Howard**, 249 A.3d 1229 (Pa.Super. 2021). "[W]e review the court's legal conclusions *de novo*." **Commonwealth v. Prater**, 256 A.3d 1274, 1282 (Pa.Super. 2021). Further, "we must defer to the PCRA court's

---

[3] Appellant has not responded to the **Turner**/**Finley** brief *pro se* or with newly retained private counsel.

findings of fact and credibility determinations, which are supported by the record." ***Commonwealth v. Diaz***, 183 A.3d 417, 421 (Pa.Super. 2018), *aff'd*, 657 Pa. 618, 226 A.3d 995 (2020).

"Counsel is presumed to have rendered effective assistance." ***Commonwealth v. Hopkins***, 231 A.3d 855, 871 (Pa.Super. 2020), *appeal denied*, ___ Pa. ___, 242 A.3d 908 (2020).

> [T]o establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043 (Pa.Super. 2019), *appeal denied*, 654 Pa. 568, 216 A.3d 1029 (2019) (internal citations and quotation marks omitted). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. ***Commonwealth v. Chmiel***, 612 Pa. 333, 30 A.3d 1111 (2011).

Instantly, the PCRA court made the following credibility determinations:

> [The PCRA court] ultimately found the testimony presented by [trial counsel] at the PCRA hearing to be credible and did not find [Appellant] credible. … [Trial counsel] acted competently and adequately advised [Appellant] of the plea offer and all aspects of the case, including the Commonwealth's evidence against [Appellant], potential defenses, potential outcomes, and his recommendation.

[Appellant] made a knowing, intelligent, and voluntary decision to reject the plea offer, against the advice of his attorney.

(PCRA Court Opinion, filed 1/18/22, at 5) (unpaginated).

The record supports the PCRA court's findings. Trial counsel testified that he had multiple discussions with Appellant about the evidence in this case, including the victim's consistent statements, the DNA evidence corroborating the victim's statements, and the evidentiary value of the medical report showing that the victim's hymen was intact. Trial counsel further stated that he advised Appellant to strongly consider accepting the plea offer but Appellant rejected the offer and wanted to procced to trial. As it is strictly within the purview of the PCRA court to make credibility determinations, we discern no error in the court's determination that Appellant's ineffective assistance of counsel claim is without merit. **See Diaz, supra**. Following our independent review of the record, we agree with counsel that the appeal is frivolous. **See Turner, supra**. Accordingly, we affirm the court's order denying PCRA relief and grant counsel's petition to withdraw.

Order affirmed; counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/23/2023

- 8 -