J-S01025-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANGELA M. DIAZ | : | |
| | : | |
| Appellant | : | No. 535 MDA 2024 |

Appeal from the PCRA Order Entered March 8, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0005090-2017

BEFORE: NICHOLS, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KING, J.: **FILED: FEBRUARY 19, 2025**

Appellant, Angela M. Diaz, appeals *pro se* from the order entered in the Lancaster County Court of Common Pleas, which denied her first petition filed under the Post Conviction Relief Act ("PCRA").[1] We remand for further proceedings.

This Court has previously set forth the relevant facts and procedural history of this case as follows:

> By way of background, the victim, a two-year-old female, died while under the exclusive care of [Appellant]. As would later be determined, death stemmed from the combination of a severe head injury as well as repeated physical abuse. While [Appellant] originally claimed that the victim had fallen off of a bed and hit her head, medical evidence refuted this assertion. In fact, beyond the head injury, a post-

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

mortem examination would uncover injuries to the victim's cheeks, ears, neck, abdomen, back, and buttocks, which served to suggest, if not confirm, repeated physical abuse. The victim also appeared to have suffered from nutritional neglect.

Ultimately, [Appellant] pleaded guilty to third-degree murder. At sentencing, having been apprised of, *inter alia*, [Appellant's] pre-sentence investigation ("PSI") report, the court imposed [a term of] fifteen to thirty years of incarceration. After sentencing, [Appellant] filed a timely post-sentence motion, which was subsequently denied. Thereafter, [Appellant] filed a timely notice of appeal.

***Commonwealth v. Diaz***, No. 151 MDA 2021, unpublished memorandum at 1-2 (Pa.Super. filed Feb. 17, 2022). This Court affirmed Appellant's judgment of sentence on February 17, 2022. ***See id.*** Appellant did not seek further direct review.

On May 16, 2022, Appellant timely filed a *pro se* PCRA petition. The court appointed counsel ("PCRA counsel") on September 27, 2023, who subsequently filed a "no-merit" letter and request to withdraw under ***Commonwealth v. Turner***, 518 Pa. 491, 544 A.2d 927 (1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*) on December 19, 2023.[2] On February 15, 2024, the court issued notice of its intent to dismiss the petition without a hearing per Pa.R.Crim.P. 907 and granted PCRA counsel's request to withdraw. In response, Appellant filed a

---

[2] The court had originally appointed a different attorney to represent Appellant in the PCRA proceedings, but that attorney subsequently withdrew his representation.

*pro se* "Motion to Extend Time To Perfect Appeal." On March 8, 2024, the court entered an order indicating that Appellant had not properly responded to the Rule 907 notice within the time permitted, and formally denied PCRA relief. On March 12, 2024, Appellant filed a motion for reconsideration, which the court denied on March 19, 2024. Appellant later filed a *pro se* "Objection to Dismissal of Order."

Thereafter, Appellant timely filed a *pro se* notice of appeal.[3] On June 5, 2024, the court appointed new counsel, Attorney Andrew Cooper, to represent Appellant on appeal ("appellate counsel") and directed counsel to file a concise statement of errors complained of on appeal on Appellant's behalf. Appellate counsel entered his appearance on June 26, 2024, and requested an extension of time to file the concise statement. The court granted the extension request on July 2, 2024, and granted an additional extension request on July 30, 2024. On August 27, 2024, appellate counsel filed a statement under Pa.R.A.P. 1925(c)(4) of counsel's intent to withdraw and to file a ***Turner/Finley*** brief on appeal.

As a preliminary matter, we observe that "[g]enerally, once the court permits PCRA counsel to withdraw after filing a ***Turner/Finley*** 'no-merit' letter, an appellant is no longer entitled to the appointment of counsel on appeal." ***Commonwealth v. Shaw***, 217 A.3d 265, 268 n.3 (Pa.Super. 2019).

---

[3] The PCRA court did not rule on Appellant's "Objection to Dismissal of Order," presumably due to the pending appeal.

*See also Commonwealth v. Rykard*, 55 A.3d 1177 (Pa.Super. 2012), *appeal denied*, 619 Pa. 714, 64 A.3d 631 (2013) (explaining that when counsel has been appointed to represent PCRA petitioner and that right has been fully vindicated following grant of counsel's petition to withdraw under *Turner*/*Finley*, court shall not appoint new counsel and appellant must look to her own resources for future proceedings). Nevertheless, the court is permitted to appoint counsel to represent a defendant whenever the interests of justice require it. **See** Pa.R.Crim.P. 904(E). **See also Shaw, supra** (explaining that PCRA court did not err by appointing new appellate counsel based on appellant's allegations of mental illness and illiteracy, notwithstanding general prohibition of appellant's right to counsel once PCRA counsel properly withdrew under **Turner**/**Finley**).

Here, it is not entirely clear from the record why the court deemed it necessary to appoint new counsel for this appeal.[4] Regardless, once the court appointed appellate counsel to represent Appellant on appeal, counsel was obligated to do so. Although counsel filed a Rule 1925(c)(4) statement stating counsel's intent to file a **Turner**/**Finley** brief on appeal, counsel did not

---

[4] Interestingly, the court's March 8, 2024 order denying PCRA relief states: "If [Appellant] intends to appeal this dismissal to the Superior Court, she must do so *pro se* or with privately retained counsel[.]" (Order, 3/8/24, at 1). The court's June 5, 2024 order appointing appellate counsel states, without explanation: "I appoint [appellate counsel], effective June 5, 2024, to represent [Appellant] in all proceedings before this [c]ourt and before any appellate court." (Order, 6/5/24, at 1).

subsequently file a **Turner**/**Finley** brief in this Court or motion to withdraw. Instead, Appellant filed a *pro se* brief on appeal.[5] This is in derogation of counsel's responsibilities under **Turner**/**Finley**.

Specifically, before counsel can be permitted to withdraw from representing a petitioner under the PCRA, Pennsylvania law requires counsel to file a "no-merit" brief or letter pursuant to **Turner** and **Finley**. **Commonwealth v. Karanicolas**, 836 A.2d 940 (Pa.Super. 2003).

> [C]ounsel must…submit a "no-merit" letter to the [PCRA] court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

**Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa.Super. 2007). Counsel must also send to the petitioner a copy of the "no-merit" letter or brief and motion to withdraw and advise petitioner of her right to proceed *pro se* or with privately retained counsel. **Id.** "Substantial compliance with these requirements will satisfy the criteria." **Karanicolas, supra** at 947.

Our review of the PCRA court docket entries indicates that appellate counsel is still counsel of record. Significantly, counsel has not filed a motion to withdraw in this Court. Under these circumstances, the best resolution at

---

[5] Although Appellant does not allege appellate counsel's abandonment or attack his effectiveness, she attaches as an exhibit to her brief a letter she wrote appellate counsel discussing points she wanted him to raise on her behalf and witnesses she wanted counsel to interview. (**See** Appellant's Brief at Exhibit "K").

this juncture is to remand for further proceedings. *See* Pa.R.A.P. 121(g) (explaining that this Court may only consider certain documents filed by *pro se* litigant where litigant is still represented by counsel; such documents include, but are not limited to, response to motion to withdraw that has been filed by counsel of record). Upon remand, the PCRA court must determine whether Appellant is entitled to representation in this appeal in the interests of justice per Rule 904(E), notwithstanding the general prohibition of Appellant's right to counsel at this stage in the proceedings (*see Rykard, supra*; *Shaw, supra*). If the court determines that Appellant is not entitled to court-appointed counsel, the court must permit appellate counsel to withdraw, at which point this Court can review the claims raised in Appellant's *pro se* brief on appeal. However, if the court determines that Appellant is entitled to the benefit of counsel, appellate counsel must file an advocate's brief or a proper motion to withdraw and *Turner*/*Finley* brief in this Court, within 45 days of the PCRA court's decision. We direct the PCRA court to advise this Court of its ruling within 30 days from the filing date of this decision. Accordingly, we remand for further proceedings.

Case remanded. Panel jurisdiction **retained**.